Judge Marshall
delivered the Opinion of the Court.
This was an action of replevin; and the only question presented in the case, is, whether a constable, having in his hands for collection the certificate of a claim for the attendance of a witness, properly allowed and authen-' ticated, can levy, by way of distress for its satisfaction, upon personal property fraudulently conveyed, by the person against whom the claim is allowed, for the purpose of hindering, delaying and defrauding his creditors, and can justify the taking of the property under such levy.
The second section of the act against frauds and perjuries (1 Stat. Law, 737,) declares, that every gift? grant &c. made with intent to delay, hinder or defraud creditors of their just and lawful actions, suits, debts, accounts, damages, penalties or forfeitures, shall be deemed and taken, as to the person whose debts, suits, demands, estates or interests, shall or might be in any wise disturbed, hindered, delayed or defrauded thereby, to be clearly and utterly void. There can be no doubt, that the lawful claim of a witness is such a debt or demand against the party summoning him, as is embraced in the statute, and that the witness himself, having the claim, is such a creditor as may be defrauded by a fraudulent grant or conveyance; and it necessarily follows, that such a fraudulent grant or conveyance is void as to him, and his demand, as clearly and as absolutely as it is against any other creditor and his demand.
But the question is, whether, when the witness has had his claim ascertained and allowed in the manner *478 prescribed by law, and has obtained a proper certificate therefor, he is in a condition to take advantage of the statute by proceeding against the property fraudulently conveyed, as the property of the fraudulent grantor, and treating it, as if the conveyance had not been made. This question is answered, as we think, conclusively, by the fact, that such a certificate authorizes the officer in whose hands it is placed, to make distress and sale of the goods and chattels of the person against whom it issues, for the satisfaction of the claim. Such a certificate is, as to the purpose of levy and sale, equivalent to a judgment and execution. It ascertains, authoritatively, the amount of the debt, and authorizes its collection by seizure and sale of the debtor’s property. It places the creditor, in regard to the collection of his debt, precisely in the same condition, so far as relates to the question of property in his debtor, as if he had an execution in his hands. The fraudulent conveyance meets him exactly at the same point, and so meets him, that unless he can disregard it, it is a disturbance and hindrance in the collection of his debt.
Deeds made to defraud, hinder or delay creditors, are void (as to them) by the statute; and any creditor may treat such a conveyance as a nullity, whenever he finds that he must either do that, or be delayed or disturbed intbe collection of his debt. The credit- or usually shows that he has arrived at that point, by exhibiting a judgment andexe cution; but other equivalent modes of showing the same fact, are equally valid.
By the statute, the deed, as to creditors, is utterly void; and in our opinion, any creditor may treat it as a nullity, whenever, in the process of collecting his debt, he arrives at that point, where he must either regard it as a nullity, or be delayed, hindered or disturbed in the collection of his debt.
It is true, that in ordinary cases, the creditor does not arrive at that point, until he has obtained a formal judgment and execution; and hence it has been said that a creditor, as such, cannot question the efficacy of a conveyance alleged to be fraudulent, unless he has “by ob- “ taining judgment and execution placed himself in an “ attitude to assert his claim, to have his debt satisfied “ out of the land so conveyed.”
But, from an examination of the cases, as well as from the principle and reason of the thing, we are satisfied that the judgment and execution are only to be regarded as means by which the creditor usually places himself in the attitude described, and as evidence of his being in fact in that attitude. The essential fact, which enables *479 Him to make the question, is, the right to have his debt immediately satisfied out of the property conveyed, if the conveyance be fraudulent. Whether this right is acquired and evidenced by a judgment and execution, or by other legal means equivalent in their effect, we are of the opinion that in either ’case it places him in an attitude not only to question the validity of the conveyance, but, if it be really fraudulent, to treat it as a nullity so far as it purports to convey property which, without the deed, would be subject to his debt; and that having the right thus to treat it, and to have the property taken for the satisfaction of his debt, upon his execution, warrant or certificate, either he or the officer making the seizure, may justify the taking, by avering and proving the fraud. It seems, therefore, to this Court, that the Circuit Court erred in instructing the jury, that if the property taken in this case, was included in the conveyance to the plaintiff, they must find for him.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, to be had on principles consistent with this opinion.