# SULLIVAN,

## JUNE TERM, A. D. 1860.

---

## GUNNISON *v.* GUNNISON.

41   191
68   441

A witness, who is subpœnaed, and in good faith attends court as a witness, without being paid, may maintain an action against the party summoning him, for his legal fees for travel and attendance, as fixed by statute; and he is equally entitled to recover such fees if he attend and is examined, without being summoned, or if he is summoned and attend, without being examined.

A witness who is summoned to attend court and paid for his travel and one day's attendance, or who is summoned and attends without being paid, if he remain in attendance in good faith until the cause is tried or otherwise disposed of, without notice that his attendance is no longer required, is entitled to his fees for such attendance from the party summoning him, and, if they be not paid, may maintain an action to recover them.

A witness who is summoned and paid his fees while residing in this State, but who afterward removes to another State, is bound to attend court in pursuance of the summons, unless, before removing, he shall give notice of his intention to leave, and be relieved from his obligation, or is subsequently released therefrom; and if he do attend, in good faith, he is entitled to his fees for such attendance and for the additional travel from the other State.

APPEAL from the award of the commissioner appointed to examine and allow the claims of the creditors against the estate of Vinal Gunnison, deceased, of which the defendant is administrator, disallowing the claim of the plaintiff against said estate. The plaintiff's claim was a debt for the sum of $137.68, alleged to be due to the plaintiff, for his travel and attendance as a witness at the court of common pleas at Newport, September term, 1857, at the request of the deceased.

The second count set forth that the deceased caused a summons to be served on the plaintiff to attend the court of common pleas at Newport, on the first Tuesday of September, 1857, to testify what he knew relating to the cause there pending, in which D. M'Laughlin was plaintiff and said deceased was defendant, and the plaintiff, in obedience to that summons, traveled one thousand and sixty-four miles for the purpose of attending said court, and attended said court eight days, whereby he became entitled to $137.68, for his lawful fees as a witness, &c. The third count was for $10.43 costs, accrued in an action brought by the plaintiff to recover the sum above stated, entered, continued and pending in court at the decease of said Vinal, and dismissed by reason that the estate of said Vinal was represented and decreed to be administered as an insolvent estate.

Upon the trial, it appeared that on the first day of April the deceased had taken the deposition of the plaintiff, to be used in the action, M'Laughlin against him. The plaintiff, who had previously resided in Goshen, had disposed of most of his property in that town, with a view to remove to the West, and had removed to Claremont, where he was temporarily residing before his removal to Illinois. Before the parties separated, after the deposition was taken, S. H. Edes, as attorney of the deceased, served on the plaintiff a summons to appear and testify in the action, at the court of common pleas in September, and paid him $2.50 for his fees as a witness, being the travel from Claremont and one day's attendance. A discussion then sprang up between the bystanders and the attorneys for the parties, as to the question whether the plaintiff was bound to come from Illinois to attend the court, and whether if he did so attend he could recover his fees as a witness.

There was considerable conflict of testimony as to what took place, and the question was submitted to the jury,

whether there was any request by the deceased to the plaintiff, to attend as a witness, or any agreement of the plaintiff to attend, in case he should have to come from Illinois, or otherwise.

It was proposed to show, by one of the witnesses, the plaintiff not being present, and the witness not being an agent of the plaintiff, that he asked the deceased if he discharged the plaintiff, and if he still insisted on his coming, and the deceased said he did not discharge him, and still insisted on his coming. The evidence was objected to, and held incompetent, and the plaintiff excepted.

It was proposed to show that the plaintiff had no business, or cattle, or furniture in New-Hampshire, and while there, on his return, he did no business; in answer to evidence offered by the defendant, that the plaintiff said shortly before he left Sunapee [Goshen?] that he should leave part of his cattle and furniture, and that he expected to return to New-Hampshire in the fall. The evidence was objected to, and held inadmissible, and the plaintiff excepted.

The court instructed the jury that, independent of any agreement or understanding between the parties on the subject, a person who was summoned to attend as a witness, and fees paid him, was not bound to attend unless his fee for one day's attendance, and his travel to and from the court were paid him; that if, without a sufficient fee for his travel, he did attend, he must be deemed to waive any claim for further fees, and there would be no implied promise to pay him more; that a witness who was temporarily residing in this State, and was summoned to attend a court, and his fees paid from such residence to the court, could not recover his fees for traveling to the court from a distant part of the country, unless specially requested to do so, and that a party summoned to attend a court upon a particular day, is bound to give notice to the party summoning him that he is about to

return home, unless his fees are paid or his attendance desired, and if he remains in attendance after that day, without giving such notice, and without the payment of any fees, or any request to remain, he cannot recover any fees for such attendance, and that the mere service of a subpœna, and the payment of a sum of money as fees, without any thing further, creates no contract between the party summoning and the witness, and no legal liability for any further sum. To this charge the plaintiff excepted.

The jury having found a verdict for the defendant, the plaintiff moved that the same may be set aside, by reason of said exceptions.

*Burke & Waite,* for the plaintiff.

*A. Edes* and *Cushing,* for the defendant.

FOWLER, J. In *Hurd* v. *Fogg,* 22 N. H. 98, it was said that a principal defendant who was summoned to appear and answer interrogatories relative to notes disclosed by the trustee, was entitled to a judgment for his fees as a witness, when they had not been paid to him, the order of court, requiring his attendance, being in the nature of a subpœna or summons to a witness; and that it made no difference in this respect, if he had appeared voluntarily, without service of an order of court upon him.

In *Young* v. *Tilden,* 3 N. H. 75, the plaintiff, having been cited to appear and answer interrogatories before a judge of probate, on a charge of embezzlement, brought his action against the complainants to recover his fees for travel and attendance as a witness. The court held that he could not recover, the law making no provision for his compensation. In delivering the opinion of the court, *Richardson,* C. J., says, " The case of this plaintiff is not analogous to the case of a witness who has been summoned to give a deposition or to testify in a cause between

Gunnison v. Gunnison.

third persons. The witness is called to testify in a cause in which he has no interest, and is not by law compelled to attend until his fees for travel and attendance have been paid to him. As he attends merely for the benefit of others, when he attends without receiving his fees previously, the law will raise a promise, by implication, to pay him, and upon that promise he may maintain an action."

By the statute of 5 Elizabeth, ch. 9, sec. 12, a party subpœnaing a witness is required to tender to him, "according to his countenance or calling, such reasonable sums for his costs and charges as, having regard to the distance of the places, are necessary to be allowed in that behalf." In *Hallett* v. *Mears*, 13 East 15, the plaintiff had been summoned by the defendants to attend as a witness in a cause to which they were parties, but his expenses were not paid him. The plaintiff attended at the trial in pursuance of the summons, but refused to be examined as a witness, unless he was paid his expenses. This was not done, and he was not examined. He afterward brought his action of assumpsit for work and labor, expense of journeys and attendance, in consequence of the subpœna, and upon proof of these facts, and also upon slight evidence of a promise by the defendants to pay his expenses when he was served with the subpœna, he recovered a verdict at the assizes. Afterward, in the King's Bench, *Yates* moved to enter a nonsuit, contending that there was no foundation for maintaining the action, either upon the express or an implied promise; not upon the evidence of the promise in fact, because he had waived it by refusing to be examined at the trial, unless his expenses were then paid, and therefore the consideration of the promise, if any, namely, the attending and giving evidence, was not complied with; nor upon an implied promise, for there was no tender of his expenses when he was served with the subpœna, and therefore he could not

have been attached for non-attendance at the trial; nor was there any remedy against him under the statute, as where a guinea was paid to and accepted by the party subpœnaed at the time, with a promise to pay the residue. But the court held that the action well lay; that the witness obeyed the subpœna and attended the trial, and was ready and willing to have been examined, if the defendants who subpœnaed him would have paid him his expenses, and it was the defendants' own fault, that the witness was not examined. They therefore refused the rule.

In *Bentall* v. *Sydney*, 10 Ad. & El. 162, it was holden that a clerk, subpœnaed to produce the roll of attorneys in the court of chancery, as evidence on a trial in the King's Bench, might recover for attendance on the trial with said roll, upon an implied assumpsit, such fees as were proved to have been usually paid for fifty years, to clerks attending with records from the Petty Bag office, although he did not, when summoned, inform the party that he should demand remuneration as a clerk and not as an ordinary witness, and although he did not produce the roll himself, but sent it by his own clerk.

In *Pell* v. *Danbury*, 5 Exch. 955, 1 E. L. & E. 450, it was holden that a party served with a subpœna in a civil action, receiving a sum of money therewith, and making no further demand, might maintain an action against the party on whose behalf he had been subpœnaed, for additional expenses incurred by him in attending the trial, but not for loss of time.

In the course of the discussion by counsel, Mr. Baron *Parke* said: "In a civil case, a contract with the witness is implied by serving him with a subpœna. Is there not an implied contract that the witness shall not be bound to defray his own expenses? A party who serves a subpœna may be considered to say, 'Go to the trial, and I will pay your expenses, either now, or at some future time.'"

Upon the counsel for the defendant referring to *Goodwin* v. *West*, Cro. Car. 522, 540, and saying that in that case there was a special contract, Platt, Baron, inquired, "Is not the serving the subpœna a contract?" Upon further discussion, Baron *Parke* remarked, that "the giving a subpœna is a common law contract, under a sort of regulation."

It finally appeared that, upon the trial, the defendant had not taken the position then assumed, that there was not any implied promise or contract to pay the party's expenses, and therefore that the question did not properly arise.

In giving the opinion of the court, Baron *Parke*, among other things, says: "My own opinion is, that the plaintiff is entitled to recover, and that he may maintain an action for his expenses, even although no express contract be proved to have been made between the parties. On that point, however, I need not deliver any opinion. If a witness, in a civil action, goes to an assize town without his expenses being paid, or tendered, or asked for, there is some evidence for the jury, of a mutual understanding, that if he goes he is to be paid for his expenses."

Baron *Anderson* said, "I am of the same opinion. I think the plaintiff in the present case was entitled to maintain the action, and that there was some evidence in support of his claim. The question is, whether there need be an express contract, or whether an implied one arises out of the circumstances. I think a contract, in this case, might be implied. One party received a benefit, and it must have been understood between them that the party conferring it was to receive compensation. If one party goes to another, and, by a subpœna, requests him to attend a trial, it being known personally that the party requested may refuse to attend unless his expenses are paid, and the latter, without saying any thing, goes to the trial, he certainly does so on the faith that he will be paid.

That is the reasonable conclusion to be drawn by the jury from the facts, and they would be authorized to find that the party was promised a reasonable remuneration. I need not say if such a promise is implied by law, but the jury would be right in inferring it." See, also, *Collins* v. *Godefray*, 1 B. & Ad. 905; *Robins* v. *Bridge*, 3 M. & W. 114; *Goodwin* v. *West*, Cro. Car. 522, 540; *Amey* v. *Long*, 1 Camp. 16, and 180, a; *Willis* v. *Peckham*, 1 B. & B. 515.

We have copied thus freely from decisions in England, because, although there is considerable difference between the provisions of their statute and our own, yet it is well settled by the English authorities, that unless the whole necessary expenses of the witness' journey to and from the place of trial, and of his necessary stay there, be tendered with the subpœna, the court will not grant an attachment for the non-attendance of the witness at the time and place of trial. Tidd Pr. ch. 35. *Chapman* v. *Pointon*, 2 Str. 1150; *Bowles* v. *Johnson*, 1 Wm. Black. 36; *Fuller* v. *Prentice*, 1 H. Black. 49; *Pearson* v. *Iles*, Doug. 556.

In this country, the fees of witnesses are fixed by statute, in the several States, at so much per mile for travel, and so much per day for attendance, without regard to actual expenses in attending trial, or to the employment or rank in life of the witness; no attachment for non-attendance will issue unless fees have been paid or tendered with the subpœna, and no action will here lie to recover more than the statutory compensation, unless upon an express contract to pay more; but for such fixed sum, a witness who is subpœnaed and attends without being paid, may maintain an action against the party summoning him. And he is equally entitled to his legal fees, if he attend and is examined without having been subpœnaed, or if he is subpœnaed, and attend without being examined. *Fuller* v. *Mattice*, 14 Johns. 357; *Baker* v. *Brill*, 15 Johns. 260; *Worland* v. *Outten*, 3 Dana, 477; *Farmer* v. *Storer*, 11 Pick. 241; *De Benneville* v. *De Ben-*

*neville,* 1 Bin. 46 ; *Leigh* v. *Hodges,* 3 Scam. 15 ; *Watts* v. *Van Ness,* 1 Hill 76 ; *Andrew* v. *Bates,* 5 Johns. 351.

Applying these principles to the case before us, we think it quite clear that if the plaintiff, after having been summoned and paid for his travel and attendance, from Claremont, actually removed to Illinois and took up his residence there, even if he would not, under the circumstances of his temporary residence at Claremont, at the time of being summoned, have been legally bound to attend court from Illinois, in obedience to that summons, yet if, both parties understanding that his attendance was desired and insisted upon, he, in good faith, traveled from his residence in Illinois for the purpose of attending, and actually attended court in obedience to the requisitions of the subpœna, the law would imply, and the jury be justified in finding an implied promise or obligation of the intestate to pay him his legal fees for such travel and attendance, deducting therefrom the amount paid him at the time of the service of the subpœna; the service of the subpœna constituting a sufficient basis for such promise or obligation.

As tending to show the probable understanding and good faith of the plaintiff, and the desire of the intestate, the statement of the deceased, at the time the plaintiff was summoned, that notwithstanding the discussion that had occurred, he did not discharge the plaintiff from his obligation to attend, but still insisted upon his coming to court, as also the evidence tending to show that the plaintiff came on from Illinois for the sole purpose of attending the trial, were clearly competent, and should have been received.

The instructions to the jury, so far as they conflicted with what we have suggested as the rule of law applicable to the circumstances of the case, were of course erroneous. They should have been instructed that if they found the plaintiff actually removed from New-Hamp-

Gunnison *v.* Gunnison.

shire to Illinois after he was summoned, and, not being discharged from his obligation to attend, in good faith, for the purpose of attending court, came on from Illinois to fulfill and did fulfill the requisitions of the subpœna, the intestate was liable to pay him his legal fees for such travel and attendance, and that they would be authorized from these facts to find an implied promise or obligation of the intestate to pay the balance of the fees, after deducting the sum advanced toward the same at the service of the subpœna. They should also have been instructed that a witness who is summoned to attend court, and paid for his travel and one day's attendance, or who is summoned and attends without being paid, if he remain in attendance in good faith until the action is tried or otherwise disposed of, without any notice that his attendance is no longer required, is entitled to his fees for such attendance from the party summoning him; and, if they are not paid, may maintain assumpsit, or other action on an implied contract to recover them. They should likewise have been instructed still further that where a witness is summoned and paid his fees while residing in this State, if he afterward remove to another State, he is bound to attend court from his new home, in pursuance of the summons, unless, before leaving, he shall have given notice of his intention to remove, and been released from his obligation, or such release shall have been subsequently given to him; and if he do attend in good faith, he is entitled to his fees for such attendance and the additional travel from the place of his new residence. The verdict must, therefore, be set aside and

*A new trial granted.*