STATE *v.* TEBBETTS.

When a witness is summoned to attend a court and testify in any specified case, or to testify before the grand jury at any term of the court by having a proper subpœna read to him, and his legal fees for travel and attendance paid or tendered to him by a proper officer or by a private individual, it is the duty of the witness to attend such court and testify according to the command of the summons.

When a subpœna is sent out under the endorsement of the attorney-general or the county solicitor, and the same is properly served upon the witness, it is his duty to attend court and testify according to the command of the summons, without having any fees paid or tendered.

Such endorsement of the subpœna by the prosecuting officer of the state is a sufficient guaranty that his fees will be paid by the county.

When a witness has been summoned in either of the modes stated above, and fails to attend according to the command of the summons, and the facts of such service are properly returned to the court, the court will order a capias to issue against such witness to answer for his default.

This was a motion for a capias to issue against George H. Tebbetts.

On or before the first day of the March term, 1873, Amos C. Dow applied to the solicitor for process to summon witnesses before the grand jury in liquor cases, and the solicitor gave him four blank writs of summons, signed by the clerk of this court, with this on the back, "By order of John W. Currier, solicitor." Nothing was said as to the term of court for which they were to be used, but the solicitor understood they were to be used to bring witnesses before the grand jury at the March term, 1873, and not at any subsequent term, and, so far as the question of the solicitor's authority is a question of fact, he did not authorize the use of the summons for any subsequent term. Dow, having one left March 20, 1874, and supposing he could properly use it, on that day filled it out, inserting the defendant's name, among others, as a witness to be summoned before the grand jury at the March term, 1874, to testify on a complaint to be made by Dow against several persons named. The complaints were to be made for violation of the liquor law since the March term, 1873. Dow furnished the sheriff with money, and directed him to summon the defendant and pay him his fees, and the sheriff did so.

The defendant did not appear before the grand jury at said March term, 1874, and the attorney-general and solicitor, without authorizing or ratifying the use made of the summons dated March 20, 1874, *pro forma*, moved for a capias, for the purpose of raising the question whether the defendant was legally summoned. The motion was resisted by counsel for the defendant.

Case reserved.

*Attorney-General*, and *Solicitor*, for state.

*Whipple*, for respondent.

SARGENT, C. J. The practice has long been in this state for the attorney-general, or solicitor, to send out subpœnas for witnesses in state cases, or for witnesses to go before the grand jury to testify in matters to be there presented; and where the subpœna was thus sent out and endorsed by either of these officers, it has been held sufficient to compel the attendance of witnesses without their fees being paid or tendered to the witness in advance. When a summons was thus endorsed, it was understood as giving the witness thus summoned a lien upon the county for his fees, in any event, so that there was no occasion to pay in advance.

But it has also been held, that, as the statute allows any person to make complaint before the grand jury, and gives special encouragement to individuals to complain and prosecute for the illegal sale of spirituous and intoxicating liquors, any person desirous of making complaint or instituting proceedings might summon and pay his witnesses in a criminal case, or when he desired them to go before the grand jury, and that when thus summoned and paid by an individual upon a subpœna, signed by any magistrate or the clerk of the court, though not endorsed by the state's attorney or solicitor, the witnesses were obliged to attend and testify just as in a civil suit, and that if the

witness refused to attend and testify when thus summoned and paid his legal fees for travel and attendance, a capias would issue upon the motion of the state's counsel, or of any one moving it in behalf of the party complaining, and thus summoning the witness.

It has thus been understood and held, that when a witness was summoned by a private individual, or by an officer in behalf of a private individual, and his fees paid, or has been summoned by a proper officer with a subpœna, which is endorsed by the state's officer to show that it is sent out by his order and authority, and that the county will be responsible for the fees; in either case the witness is obliged to attend in accordance with the summons, and if he does not, the court will issue a capias, whether it is moved for by the state's officer only, or in behalf of the individual who summoned and paid the witness.

In this case, if the witness had attended in good faith, relying upon the endorsement of the state's officer as he had a right to do, so far as appears, he would have been entitled to his pay from the county. If there was any wrong, it was on the part of the man who used the summons out of time, or on the part of the state's officer in sending out a summons endorsed by himself too carelessly; but if the witness had no knowledge of this, and acted in good faith, it would not prevent his getting his pay of the county if he attended. It would be well for the court to pause before holding that a witness thus summoned by a subpœna thus endorsed could be excused from attending according to his summons.

But in this case, if the subpœna had not been endorsed by the state's officer at all, still, being signed by the clerk in blank, it might be filled up and dated at any time, and would be good to compel the attendance of the witness when his fees were paid, when served by the individual or by an officer, as in this case; and when a proper return of these facts is made to the court, and upon motion, a capias should issue without regard to the endorsement of the subpœna by the solicitor.

*Let the capias issue.*