STATE *v.* FROST.

The mere fact that witnesses come from Massachusetts upon a party's request, and are summoned after their arrival without any understanding that they are to have the double fees without the payment of which they cannot be required to come, does not make such fees taxable costs.

In criminal cases, costs are taxed as in civil cases; but such part of extraordinary expenses incurred in the course of a trial is allowed in the bill of costs as the court at the trial term deem reasonable.

INDICTMENT, for selling intoxicating liquor. The defendant having been sentenced to pay a fine and the costs of prosecution, the question was reserved whether the costs should include double fees for witnesses who came from Massachusetts at the request of the state, and were summoned after their arrival.

*The Attorney-General*, and *Burns*, solicitor, for the state.

*Sulloway*, for the defendant.

DOE, C. J. The witnesses would have been entitled to double fees if they had been summoned in Massachusetts in accordance with the statute of that state. If they waived a compliance with that statute upon a promise of double fees, the promise should be performed. But they might waive the duplication of fees as well as the form of procedure: and the mere fact that they came upon request, and were summoned after their arrival without any understanding that they were to have double fees, would not make such fees taxable costs. In criminal cases, costs are taxed as in civil cases; but such part of

extraordinary expenses incurred in the course of a trial is allowed in the bill of costs as the court at the trial term deem reasonable. Gen. St., *c.* 250, *s.* 2.

*Case discharged.*

ALLEN, J., did not sit.