Upon conviction and sentence in any, prosecution for a crime or offense costs shall be taxed as in civil cases unless otherwise provided." P. S., c. 256, s. 5. State v. Frost, 58 N.H. 344. It is not otherwise provided in respect to offences created by the statutes relating to the sale of intoxicating liquors. "Costs" here means the expenses and fees which the law authorizes the winning party to recover of his adversary in an action. To this extent the party is to be indemnified. Among such expenses is the expense of procuring the attendance of witnesses. A person who attends in good faith, in compliance with a subpoena duly served or with the request of a party, is entitled to recover of him the statutory fees of a witness, whether he is called to the stand and actually examined or not, — if the fees are not advanced at the time of the summons or request. The party, by inducing him to attend, impliedly, if not expressly, promises to pay the fees established for such service. Gunnison v. Gunnison, 41 N.H. 121. The question whether the winning party may recover an expense so incurred, as a part or his taxable costs, depends upon the reasonableness of procuring the attendance of the witness under the circumstances, and its good faith. Miller v. Lyon, 6 Allen 514; Bliss v. Railroad, 47 Vt. 715. Omission to examine a witness, or an examination disclosing that he has no knowledge of material facts, does not conclusively show that his attendance was unnecessary. An admission or the course of the trial may obviate the necessity for his testimony. He may disappoint *Page 442 
appoint the party calling him by disclaiming knowledge of facts which, before he was examined, he represented he possessed, or which the party had reasonable grounds for believing he possessed. The only means the law affords a party for ascertaining what the testimony of a witness will be, if he will not voluntarily disclose it beforehand, is an examination upon the witness stand. Reasonable prudence may require the party to procure the attendance of the witness in such cases.
There is more frequent occasion for calling witnesses without knowing what they will testify to in criminal cases than in civil. A sense of shame, or a desire to shield the criminal or to avoid notoriety, causes persons to shrink from testifying in a criminal proceeding. It is not always safe to rely upon the statement of a person regarding his knowledge of a criminal act. Equivocation and deceit are not infrequently used to mislead the prosecutor. If the prosecutor exercises reasonable prudence and acts in good faith in procuring the attendance of witnesses, it is not his fault if some of them turn out to be of no service. Under the circumstances, it may be reasonably necessary to have them in attendance.
The statutes prohibiting the sale of intoxicating liquors suggest an illustration in point. Section 34, c. 112, P. S., makes it the duty of a county solicitor to prosecute any person for a violation of the liquor law against whom a person of good character makes complaint, upon receiving the statement of such a person, under oath, setting forth that he knows or believes the person accused is guilty, and "reciting the probable source of proof of such violation." By this provision, the solicitor is justified in looking to the "probable source of proof" mentioned in the statement, for testimony to convict the alleged offender, — at least, if no other and better source is discovered. Suppose a statement recites that A, B, and C were seen in the vicinity of the place where the alleged offence is said to have been committed, under circumstances tending to show that they had knowledge of facts necessary to be proved; it would be the duty of the solicitor, in the absence of other information, to summon them all as witnesses. If one of them could not furnish competent testimony, the solicitor would have no means of knowing which one it was. By omitting one, B for example, he might omit the very one whose testimony would prove the commission of the offence. In such a case, the circumstances would make it necessary for the county to incur the expense of securing the attendance of all three.
There is little danger that a party will increase the number of his witnesses for the purpose of swelling his taxable costs. He can recover, on account of witnesses, only the expense that he incurs for them. If he procures the attendance of one when he ought *Page 443 
not to, he does it at his own expense. If, in any case, the allowance of all the witness fees would be oppressive to the losing party, or if other good cause is shown why all should not be allowed, the court may limit them. P. S., c. 229, ss. 1, 3.
In this case, if it was reasonable, under all the circumstances, for the private prosecutor to procure the attendance of the witnesses, and he did so in good faith (State v. Tebbetts, 54 N.H. 240), their fees should be taxed in the bill of costs, although they failed to testify to anything tending to show the guilt of the defendant, unless there was good reason for limiting the costs. The questions of reasonableness, good faith, and limitation are all questions of fact, to be determined at the trial term.
Case discharged.
CARPENTER, J., did not sit: the others concurred.