SMITH *vs.* JOINER and MOORE.

A Sheriff or other officer has no legal authority to command assistance to keep a prisoner, wantonly and from mere caprice.

The acts of a Deputy Sheriff, are, in law, the acts of the Sheriff; and he alone can sue or be sued for any thing done in the execution of his office.

*Chittenden,*
*January,*
*1797.*

THIS was an action on the case.    The declaration stated, in substance, that the plaintiff, as Sheriff's Deputy, at ———, in the County of Chittenden, on the 6th day of Nov. 1792, arrested one B. on sundry executions, &c. and then and there required the defendants to keep the said B. for the space of twenty-four hours.—— That the defendants neglected to keep the said B., and suffered him to escape.—That suits had been brought *against him* for the escape of the said B., and he had been compelled to pay, &c.

Plea—*Not guilty.*

*D. Chipman* and *Fay,* for the plaintiff, produced in evidence the deposition of Charles Dewey, who swore that on the 6th day of November, 1792, at ———, plaintiff arrested the said B. on several executions, one of which, was in favour of John Carpenter, and

delivered B. to the defendants, to keep until ten o'clock the next morning, and went away.—That after plaintiff had gone, the defendants and B. went to their several homes.—That the defendants paid no regard to their obligation to keep B., nor was B. delivered or surrendered to the plaintiff.

*Chittenden,*
*January,*
*1791.*

*Smith*
*vs*
*Joiner and*
*Moore.*

*Fay,* then offered in evidence the execution in favour of Carpenter against B.

*Miller,* for defendant, objected to the evidence on the ground that plaintiff must first shew that he was a legal Deputy Sheriff, and that he had returned the writ.

*By the Court.* It is necessary for the plaintiff to shew that he was a legal Sheriff's Deputy, by producing his warrant from the Sheriff of the County; but it is not necessary to shew that he had returned the writ.

*Fay,* for plaintiff, stated that on a former trial of this cause, the defendant's counsel conceded that the plaintiff was legal Sheriff's Deputy—that the present exception, therefore, operated a surprise.

On an intimation from the Court that the cause would be continued, the defendant's counsel waived their objection.

The execution in favour of Carpenter was then read.—It was for the sum of £13, 2s. 3d.

*Stanton* being called as a witness by plaintiff, testified that the plaintiff had paid a part of the amount of the execution to him as Carpenter's attorney, and said that he would retain the remainder on account of a debt due from Carpenter to him. On being cross-examined, he said, that plaintiff told him, that he had collected the whole amount of the execution of B., but nothing was said respecting his fees, and that B. had long since absconded.

CHIPMAN, Ch. J., charged the Jury as follows:—This is a question of strict right.—The defendants received no consideration for keeping the prisoner, nor did they enter into any special agreement to keep him. An officer has a right to command assistance, when necessary, to the execution of the duties of his office; but as has been well observed, not wantonly, nor for his own private convenience.

*Chittenden,*
January,
1791.

Smith,
*vs*
Joiner and
Moore.

It does not appear, in this case, why the plaintiff required the defendants to keep the prisoner; but it must be taken to have been necessary and proper as nothing appears to the contrary. It appears in evidence, that the plaintiff directed the defendants to keep the prisoner until the next morning, and went away.—That soon after, the defendants and the prisoner went, each to his own home; and that afterwards the plaintiff collected of B. the amount of the execution in favour of Carpenter, the only execution which has been produced in evidence. It does not appear, that the plaintiff ever returned, to seek after the prisoner, or to receive him of the defendants.

Were there nothing more in the case, I should think that the plaintiff was not entitled to recover. It does not appear that he resorted to the defendants at the time, to receive the prisoner, or demand satisfaction; but rather that he proceeded to execute his writ, and collected his money of B.

But there is something further;—the acts of a Sheriff's Deputy, are, in law, the acts of the Sheriff; and he alone can sue or be sued, for any matter relating to the execution of the duties of his office merely: the Deputy may sue, or be sued, as a private individual, for personal torts, which may have been committed, while in the execution of the duties of his office: in such case, he need not name himself, or be named Sheriff's Deputy. It has been objected that the Deputy is answerable to the Sheriff, who might refuse to prosecute in his own name; but, if in such case, the Sheriff should refuse to prosecute, or suffer the Deputy to prosecute in his name, I apprehend it would be a sufficient excuse as between him and the Sheriff.

As this matter is apparent on the face of the declaration, it should have been taken advantage of by demurrer, but is fatal under the general issue.

Verdict for the defendants.