JOSEPH IDE *v.* PAUL GRAY.

A declaration in fraud cannot be sustained without appropriate facts to ground the action upon, showing that the plaintiff had been damnified by the deceit of the defendant.

ACTION of the case, wherein the plaintiff declared as follows :

"For that the defendant, at said Sheffield, on the six-
"teenth day of April, 1839, fraudulently and deceitfully
"*willing* and *contriving* to get, on credit, a large sum of
"money, into his, the defendant's hands, and then con-
"ceal and lock up the same from the plaintiff, under some
"false and fraudulent pretence, and thereby cheat the
"plaintiff of his honest dues, did, then and there, in pros-
"ecution of his said fraudulent and deceitful design to
"injure the plaintiff, apply to the plaintiff to assist him,
"the defendant, to money, by signing, as surety, a certain
"promissory note for the sum of one thousand dollars, dated
"on the day and year aforesaid, and made payable to the
"president, directors and company of the Bank of Caledo-
"nia, established at said Danville, in thirty days from the
"discount thereof. And the plaintiff, having no knowledge
"of the fraudulent and deceitful design of the defendant, as
"aforesaid, and believing the defendant was honest, and
"would pay said note if the plaintiff signed the same, and
"also believing the defendant needed said money to pur-
"chase cattle and horses for market, which the defendant
"was about to do, did, on the day and year aforesaid, at
"Sheffield aforesaid, sign said note, being only *surety* for
"the defendant, and the same note was then and there sign-
"ed by the defendant, and by one John Orcutt being another
"*surety ;* and then, at said bank, at the request of the de-
"fendant and for his benefit, said note was discounted, and
"the defendant received the money. And, in further pros-
"ecution of his, the defendant's, fraudulent and deceitful
"design to defraud and injure the plaintiff, the defendant,
"partly with said money *and partly on credit*, purchas-
"ed a number of cattle and horses in said Caledonia
"county, and from thence drove them to Boston or its vi-
"cinity, in Massachusetts, to market, and, in the fore part of

CALEDONIA,
July,
1839.

Ide
v.
Gray.

"May instant, sold said cattle and horses at fair prices, and "therefor received his money to the amount of twenty four "hundred and eighty dollars, or some other large sum. And "in further prosecution of this, the defendant's fraudulent and "deceitful design to injure and defraud the plaintiff, and sub- "ject him to the payment of the whole of said note, the de- "fendant, on his way from said Boston to said Wheelock, "to wit, in Nashua, in New Hampshire, did, on or about "the 15th day of said May, falsely, fraudulently and deceit- "fully pretend and declare, that he had lost said money out "of his possession, and he knew not where it was, and he "was a ruined man; whereas, in fact and in truth, the de- "fendant never lost his said money, but keeps it concealed "in his own possession, or in the possession of his friend for "defendant's use, wholly without the knowledge and reach "of the plaintiff. And also falsely and fraudulently con- "cealed and disposed of all his attachable goods, chattels "and estate, prior to said note's becoming due, for the fraud- "ulent purposes aforesaid. And the plaintiff avers, that nei- "ther the defendant nor the said Orcutt has had any visible "property that could be attached since said note became "due, and the plaintiff has been obliged to pay said note to "said president, directors and company, by reason of the "fraudulent and deceitful conduct of the defendant, as "aforesaid, and has wholly lost the same, to the damage, "&c."

The defendant demurred, generally, to the declaration, and the plaintiff joined in demurrer.

The county court decided that the declaration was insufficient, and the plaintiff excepted.

*N. Baylies* argued for the plaintiff, and, in support of the declaration, cited 7 Petersd. 362 to 373. Ib. 403. *Pasley* v. *Freeman*, 3 Term. Rep. 51. *Upton* v. *Vail*, 6 Johns. R. 181. *Wardell* v. *Fosdick & Davis*, 13 Johns. R. 325. *Monell et al.* v. *Colden*, Ib. 395. *Bliss* v. *Thompson*, 4 Mass. R. 488. *Bean* v. *Bean*, 12 Mass. R. 20. *Windover et al.* v. *Robbins*, 2 Tyler's R. 1.

*J. Bartlett jr. and J. Mattocks*, for defendant.

The opinion of the court was delivered by

BENNETT, J.—It would seem as if the plaintiff, in this case,

intended to complain that he was induced to sign the note as surety for the defendant to the bank, by means of the fraudulent practices of the party, in consequence of which he has been damnified in being compelled to pay the note.— Stripping the declaration of all its fraudulent epithets, it simply states that the defendant applied to the plaintiff to assist him to raise money by signing with him to the bank, and that the plaintiff, believing that the defendant wanted money to buy cattle with, and that he was honest and would pay the note when due, signed with him, and the note was afterwards discounted for his benefit. Most surely, there is here no fraudulent inducement held out to the plaintiff to sign the note. There could be no fraud in the defendant's buying cattle and horses with the money, and selling them in Boston for cash. The plaintiff, indeed, in his declaration, says, this he expected the defendant would do when he applied to him to sign the note. The fact that the defendant, after the sale and reception of his money at Boston, and while on his way home, stated that he had lost it, and was a ruined man, could not have induced the plaintiff to sign the note, and it is immaterial, so far as this acttion is concerned, whether it was true or false. The declaration closes by averring that when the note became due, the defendant had no attachable property, and that the plaintiff had been compelled to pay the note. The averments that certain things were done with a fraudulent design, are, of them selves, insufficient. A fraudulent purpose alone is not sufficient. We must have some facts. The plaintiff must have been induced to sign the note by the false and deceitful representations of the defendant. There is no principle of law upon which this declaration can be sustained. It shows the ingenuity of counsel in attempting to draw a declaration sounding in fraud without any appropriate facts to found it upon. The declaration is insufficient, and the judgment below is affirmed.