CALEDONIA,
March,
1843.

Blodget
v.
Skinner.

---

## Novatus Blodget v. John R. Skinner.

If the plaintiff, in an action commenced before a justice of the peace, and
appealed to the county court, files a new declaration in the county court,
for a different *cause of action*, and the defendant, without objection to its
being received, takes issue under it, either upon matter of law or matter
of fact, it will be considered as a waiver of the variance between the
old and the new declaration.

The variance should be taken advantage of by a motion to dismiss the new
declaration.

When one makes use of the name of another in a suit, to enforce a collec-
tion for his own benefit, he is under a *moral obligation* to indemnify him
whose name he uses, from any cost or trouble arising from the suit ; and
such obligation is a sufficient consideration for a promise.

THIS was an action of assumpsit, brought by appeal, to

the county court. In the original writ the plaintiff declared that the defendant, being indebted to him for divers wares and merchandize, in consideration thereof, undertook and promised to collect for the plaintiff, a certain promissory note for $25, "in which case Novatus Blodget was plaintiff and 'James Bell defendant, and pay over to the plaintiff the 'aforesaid sum of money as should be thereto afterwards 'requested;" which he averred had not been paid to the plaintiff, by reason whereof he had been put to cost and trouble to the amount of fifty dollars.

Upon the entering of the appeal in the county court, the plaintiff filed his declaration against the defendant, in a plea of the case; in which declaration he alleged, in substance, that the defendant had been in possession of a certain promissory note payable by James Bell to Pliny Bliss or bearer, and for the purpose of collecting the same, commenced a suit thereon, in the plaintiff's name, against said Bell, and recovered a judgment thereon before a justice of the peace, from which judgment said Bell appealed, and, finally, by the consideration of the county court, recovered a judgment against the plaintiff, for a large amount of cost, on which judgment he took out execution. And the plaintiff averred that he never had any interest in said note, but that the defendant conducted and managed said suit for his own benefit; and that, on the day on which said Bell took out said execution against the plaintiff, in consideration of the premises, the defendant promised to save harmless the plaintiff from all liability on said execution — which the plaintiff averred he had not done, but that the plaintiff had been compelled to pay said execution.

To this declaration the defendant demurred, and for causes of demurrer set forth: 1. The variance between the declaration, and the one upon which the trial was had before the magistrate. 2. That the promise alleged was founded only on an executed consideration, and it was not alleged that the defendant requested the plaintiff to be permitted to use his name in said suit against Bell. There was a joinder in demurrer.

The court rendered judgment that the declaration was sufficient; to which decision the defendant excepted.

*W. K. Upham*, for defendant.

The defendant insists that the declaration is insufficient for two reasons. 1. Because the declaration upon which the trial was had before the justice, was not for the same cause of action set forth in this declaration; and this can be taken advantage of upon demurrer. 2. It is insufficient in substance for the following reasons: It is not alleged therein, that the defendant requested of the plaintiff to be permitted to use his, the plaintiff's name, in the suit against Bell; therefore, there was no consideration for the defendant's alleged promise. The consideration was wholly "*past and executed.*" There is no allegation or averment in the count that defendant commenced the suit in the name of the plaintiff against Bell without his, the plaintiff's, knowledge or consent or permission; therefore the "*moral*" and "*legal obligation*" do not attach and combine to render the promise legal and binding; and the allegation or averment in the declaration, "that plaintiff never had any interest in the note, and that defendant controlled, managed and carried on said suit, for his own benefit, is not equivalent to such allegation or averment. 1 Saund. 264, n. 1; 2 Stra. 733; Dyer, 272; 1 Chit. Pl. 323–4, n. 1, and cases there cited; 5 Vt. 28; 8 Vt. 501.

*B. N. Davis*, for plaintiffs.

1. The first objection to the plaintiff's declaration is no ground of demurrer. A variance, as pointed out, could be taken advantage of only by motion to dismiss the new declaration, or by objecting to receive it.

II. The promise is not founded on a *past* and executed consideration, but is founded in a moral and equitable obligation to pay the execution.

The defendant commenced a suit for his own benefit, in plaintiff's name, the plaintiff having no interest whatever in it, never having given permission to defendant to use his name. The result was an execution for costs against the plaintiff, which he had to pay. If the defendant was not under a *moral* and *equitable* obligation to pay the execution, it is difficult to understand what would create such obligation. In *Hawks* v. *Saunders*, Cowp. R. 287, Lord Mansfield says, that "where a man is under a legal or equitable obligation to

pay, the same implies a promise though none was actually made. *A fortiori*, a legal or equitable duty, is a sufficient consideration for an actual promise." He further observes " where a man is under a moral obligation which no court of law or equity can enforce, and promises, the honesty and rectitude of the thing is a consideration." See, also, *Watson* v. *Turner*, Bull. N. P. 129 ; 1 Sw. Dig. 204 ; 2 East, 505 ; 1 Vt. R. 420 ; 4 do. 144 ; 5 do. 172.

The opinion of the court was delivered by

HEBARD, J.—The first cause of demurrer, assigned by the defendant is, that the declaration sets up and counts upon a different cause of action, from the one in the original writ.

The right to file a new declaration is regulated by a rule of court ; and when the declaration, so filed, is, in itself, good, and sets forth a good cause of action, if it is inconsistent with the original cause of action, objection, in proper time, should be made to receiving it, or it should be met by a motion to dismiss ; and if no such motion or objection is made, the question of variance will be understood as being waived, like an informal plea.

Another cause of demurrer, set down by defendant, is, that " the promise alleged in the declaration is founded only upon an executed consideration, and that it is not alleged therein that the defendant requested the plaintiff to be permitted to use his name in said suit." The objection is also taken in argument, that the action should have been *case* and not *assumpsit*. But in relation to this, there is no occasion to inquire. We are trying the legal points in the declaration, and have no opportunity of knowing whether the proof would have sustained the allegations. If it is true, as alleged, that the defendant, without leave, and without right, made use of plaintiff's name in said suit, by which he became subjected to the payment of a bill of cost, there could be no doubt, that the defendant would be under a *moral*, if not a *legal* obligation to indemnify him ; and either is a sufficient consideration for a promise. The declaration alleges that, in consideration of the premises, the defendant promised to pay and save harmless the plaintiff from all harm and liability on said execution. There is a direct and sufficient promise alleged, founded upon a good and sufficient consideration.

Judgment of county court affirmed.