Hon. JAMES BARRETT,  
Hon. HOMER E. ROYCE, } Assistant Judges.  
Hon. H. HENRY POWERS,

---

Joseph W. Bliss et als. *v.* The Connecticut and Passumpsic Rivers Railroad Company.

### *Costs. Practice.*

Costs of witnesses on the hearing before commissioners appointed on a petition for the establishment of a railroad depot, were allowed the defendant, the prevailing party; distinguishing the case from cases for the laying out of highways.

The same rules and considerations govern in such cases, as to the allowance of witnesses who are summoned and attend, but who are not called to testify, as obtain in cases tried in court. It must be shown affirmatively that such witnesses were summoned in good faith, and for such cause and occasion as would justify their attendance at the expense of the other party, or they will not be taxed. BARRETT, J.

Costs should be taxed by the commissioners in such cases, the same as by auditors and referees; and if question is to be made to the court as to such taxation, the commissioners should report the facts relative thereto. BARRETT, J.

The opinion of the court was delivered by

BARRETT, J. This was a petition for the establishment of a depot, some two miles south of Bradford village, entered March

term, 1874, and commissioners were appointed at the same term, to hear and report to the court in the premises. Their report was returned and filed at this term of the court, adverse to the prayer of the petition, and it was accepted, and judgment was rendered thereon, denying said prayer. A question was made to the court whether costs should be allowed to the defendant for witnesses on the hearing before the commis ioners. The court held it proper that such costs should be allowed,—distinguishing it from cases for the laying out of highways. In those cases, both sides assume to represent the public interest in respect to a measure to be carried into effect at the public expense. In this case, individual citizens move against a private party, to compel it, by judicial order, to do, at its own expense, a service for both public and private benefit. In this feature it is, in substance and effect, litigation *inter partes*, involving the ordinary incidents of such litigation by way of claim and defence. The commissioners are in the character of referees, and are appointed by the court, the better to do a service which the court itself might do by having witnesses called to testify in open court upon a formal trial. The proceeding before commissioners involves the same reasons for allowing costs for witnesses, as exist in ordinary cases of reference at law, and of proceedings before masters in chancery.

The costs having been taxed by the clerk, objection and exception was taken to the taxation for several witnesses who were summoned and attended, but were not called upon to testify.

An appeal was taken, and, by consent, was heard by BARRETT, J., who held that the subject was to be governed by the same rules, and to be disposed of on the same considerations, as in cases tried in court, and that costs would not be allowed for such witnesses, unless it should be shown affirmatively that they were summoned in good faith, and for such cause and occasion as would justify their attendance at the expense of the other party. In this case, the costs for these witnesses were disallowed, for failure to show such cause and occasion. There was no taxation or allowance of costs by the commissioners, nor did the report contain anything bearing on the subject.

The judge decided that, in such cases, costs should be taxed by the commissioners in the same manner as by auditors and referees ; and, if question was to be made to the court as to such taxation, that the commissioners should report the facts involved in such question, and material to the proper decision of it.

*Clarke*, for the petitioners.

*Farnham*, for the defendant.