### WRIGHT *v.* BOURDON 'AND ANOTHER.

#### *Practice.　Pleading.*

When the declaration is so defective that it would be the duty of the court to arrest judgment after verdict for plaintiff, the court may, of its own motion, direct a verdict for defendant at any stage of the trial ; and it makes no difference that defendant traversed the declaration instead of demurring to it.

The first count alleged that defendants, devising and intending fraudulently, &c., to extort money from plaintiff, falsely, &c., conspired to accuse him of having gotten A, a single woman, with child, and, in pursuance thereof, maliciously threatened to accuse him thereof, and to cause a criminal prosecution to be commenced therefor ; and that by means thereof they procured of plaintiff a large sum of money. The second count was like the first, except that it alleged that defendants' intent was, also, to deprive plaintiff of his good name, and subject him, without cause, to the punishment prescribed by law for bastardy ; and that defendants threatened to cause bastardy proceedings, instead of a criminal prosecution, to be instituted. *Held*, bad, for not alleging that the charge was false to defendants' knowledge, and for no stating the *facts* and circumstances alleged to constitute the fraud.

CASE in two counts. Plea, the general issue, and trial by jury, April Term, 1877, ROYCE, J., presiding.

The first count alleged, that whereas the defendants, being evil-disposed persons, and devising and intending unjustly, fraudulently, and maliciously to extort money from the plaintiff, to wit, the sum of, &c., theretofore, to wit, on, &c., at, &c., did falsely, unlawfully, wickedly, and maliciously combine, conspire, confederate, and agree together, falsely to charge and accuse him of having begotten one Arvilla Rouse, of, &c., a single woman, with child, and with being the father of a child with which the said Arvilla was then pregnant and about to be delivered, with intent thereby then and there to extort a large sum of money from him, to wit, the sum of, &c., and that in pursuance of said conspiracy, combination, confederacy and agreement the defendants, on, &c., at, &c., and on divers other days, did maliciously threaten to accuse the plaintiff with having begotten the said Arvilla with child, and with being the father of a child with which the said Arvilla was then pregnant, and of which she was then about to be delivered, and did, then and there, &c., and on divers other days, at, &c., threaten the plaintiff to cause and procure a criminal prosecution to be commenced and carried on against him with intent then and there unjustly, fraudulently, and unlawfully to obtain and extort from him by the means aforesaid, his money and property, to wit, the sum of, &c. ; and averred that the defendants then and there, on, &c., by means of the said false, unlawful, wicked, and malicious combination, conspiracy and confederacy, and by means of said malicious threats, and in furtherance of said conspiracy, did extort and procure from the plaintiff a large sum of money, to wit, &c. ; by means whereof, &c.

The second count alleged, that whereas defendants, being evil-disposed. persons, devising and intending unjustly, fraudulently, and maliciously to deprive the plaintiff of his good name and character, and to subject him, without any just cause, to the punishment prescribed by law in cases of bastardy, and to extort from him money, to wit, the sum of, &c., theretofore, to wit, on, &c., at &c., did falsely, unlawfully, wickedly, and maliciously, combine, conspire, confederate, and agree together, falsely to charge and accuse him of having begotten one Arvilla Rouse, of, &c., a single woman, with child, and with being the father of a child with which the said Arvilla was then pregnant and about to be delivered, with intent thereby then and there to extort from him a large sum of money, to wit, the sum of, &c., and that in pursuance of said conspiracy, combination, confederacy, and agreement the defendants, on, &c., at, &c., and on divers other days, did maliciously threaten to accuse the plaintiff with having begotten the said Arvilla with child, and with being the father of the child

with which the said Arvilla was then pregnant, and of which she was then about to be delivered, and to charge the plaintiff with the support of said bastard child, and did then and there, &c., and on divers other days, at, &c., threaten the plaintiff to cause and procure a prosecution to be commenced and carried on against him, and with being the father of said child, and of and with the then future support of said child, with intent thereby then and there, unjustly, fraudulently, and unlawfully to obtain and extort from him his money and property, to wit, the sum of, &c. ; and averred that the defendants then and there, on, &c., by means of said false, unlawful, wicked, and malicious combination, conspiracy, and confederacy, and by means of said malicious threats, and in furtherance of said conspiracy, did extort and procure from the plaintiff a large sum of money, to wit, the sum of, &c., and that the plaintiff suffered other great wrongs, &c.

The court ruled that if plaintiff established all the allegations of the declaration he would not be entitled to recover, and ordered a verdict for defendants ; to which plaintiff excepted.

*C. G. Austin* and *H. S. Royce,* for the plaintiff.

The decision was erroneous. The question was not raised in the manner required by any rule of pleading and practice. The decision was put upon the ground that, as the plaintiff was not charged with the commission of any crime, nor threatened to be so accused, only special damages could be recovered, and special damage was not alleged. But it is not necessary, to sustain the action, to allege that the defendants threatened to accuse the plaintiff of the commission of a crime, nor to allege special damages. 2 Hilliard Torts, 328, 329. Formerly the action could be sustained only when the commission of certain crimes was charged. But the action then in use has become obsolete, and has given way to an action on the case in the nature of a conspiracy, in which all that is required is to show that money or property was obtained by a fraud or extortion. *Phillips* v. *Hoyle,* 4 Gray, 568 ; 3 Pick. 38.

Falsely to accuse one of being the father of a bastard child, and thereby to obtain money from him, is actionable. 2 Hilliard Torts, 325.

*Davis & Stevens,* for the defendants.

The first count is fatally defective. It is not alleged therein that the plaintiff was not the father of the child of whose paternity defendants are charged with having threatened to accuse him. The truth of the alleged accusations is not negated except by the word *falsely,* which is insufficient. Gould Pl. 169; 1 Chit. Pl. 271; *Batchelder* v. *Kinney,* 44 Vt. 150. It is not alleged that the plaintiff was put in any fear by reason of the alleged threats. The facts alleged do not constitute duress. *Harmon* v. *Harmon,* 14 Am. Rep. 556. The matters alleged to have been threatened do not constitute a crime ; hence, the alleged threat to commence a criminal prosecution could have had no foundation. *Spears* v. *Forrest,* 15 Vt. 435; *Gray* v. *Fulsome,* 7 Vt. 452.

The second count is equally defective. It does not allege that the plaintiff was not guilty of the charges threatened. A simple threat to charge the plaintiff with being the father of a bastard child, and to commence bastardy proceedings against him for the support of such bastard child, gives no right of action. *Emmons* v. *Scudder,* 115 Mass. 367. It is not alleged that the plaintiff was put in fear or duress.

The allegation in both counts, that defendants extorted money, is not a sufficient allegation that plaintiff paid the money. The plaintiff could not have been deceived. The matters threatened were within his knowledge. *Sheple & Warner* v. *Page,* 12 Vt. 519. No *scienter* is alleged.

The opinion of the court was delivered by

Ross, J. On the trial by the jury in the County Court, the court held, " that if the plaintiff should prove and the jury should find that all the allegations in the plaintiff's declaration were established, still the plaintiff was not entitled to recover, and ordered a verdict for the defendants," to which the plaintiff excepted.

The plaintiff claims, if his declaration was fatally defective in alleging a cause of action, that inasmuch as the defendant had traversed it, he had a right to have that issue tried by the jury, and that the court erred in directing a verdict for the defendant.

Wright *v*. Bourdon et al.

It is not stated that the plaintiff claimed the right to enter a non-suit. If he had claimed that right and been refused, a different question would have been presented. Whatever may have been the practice in England in regard to calling the plaintiff in such a case, and if he did not then enter a non-suit, to direct a verdict for the defendant, it was early established in this State, that the court, of its own motion, has the right, at any stage of the trial by the jury, to direct a verdict for the defendant in cases in which the plaintiff's declaration is so fatally defective that it would be the duty of the court to arrest judgment if a verdict should be found in his favor; that the court need not go through the useless and, to the State, expensive labor of a jury trial, which could be of no avail to the plaintiff if it resulted in his favor, simply because the defendant had traversed rather than demurred to the declaration. *Smith* v. *Joiner*, 1 D. Chip. 64; *Gleason* v. *Peck*, 12 Vt. 50; *Baxter* v. *Winooski Turnpike Co.* 22 Vt. 114; *Batchelder* v. *Kinney*, 44 Vt. 150.

Is the plaintiff's declaration thus fatally defective? We think it is. The use of the words, "falsely and fraudulently," as characterizing an allegation in the declaration, does not make it false and fraudulent, unless sufficient facts are alleged—it may be imperfectly and informally—to give it that character. *Ide* v. *Gray*, 11 Vt. 615. The declaration in the case at bar, in this respect, is quite analogous to that in *Ide* v. *Gray*. It abounds in the use of the words, "falsely and fraudulently," but fails to state that the act or fact with which it alleges the defendants threatened to charge, and did charge, the plaintiff, was false, or, if false, that it was known to be false by the defendants. If the defendants honestly believed the charge—the charge not being that of a crime—to be true, the making of it would not be fraudulent as to them, however false in fact it might be. Fraud, and damage resulting therefrom, constitute the gist of the cause of action attempted to be set forth in the declaration. Fraud is a fact, which must be established, in order to give the plaintiff the right to recover in such case. He must, therefore, set forth in his declaration such facts and circumstances as, when proved, will render the

Wright *v*. Bourdon et al.

act of which he complains fraudulent in fact.   This the plaintiff
has failed to do.   It would therefore have been the duty of the
court to have arrested judgment, if the issue joined had been
found by the jury in the plaintiff's favor.   There was, therefore,
no error in the ruling of the County Court to which exception
was taken.

Judgment affirmed.