### ARCHIBALD BACHOP *v.* W. H. HILL.

*Amendment of Declaration. Reference. Rent. General Assumpsit. Waiver. Variance.*

1. A declaration containing only counts in general assumpsit, claiming that the defendant was indebted for rent, may be amended by filing a new count declaring more formally for use and occupation.
2. The question of variance is waived, if there is no objection to receiving, and no motion to dismiss, the new declaration.
3. All questions as to form or variance are waived by the reference.

HEARD on a referee's report, December Term, 1881, POWERS, J., presiding. The Court disallowed the larger sum found due for rent. The action was assumpsit, containing only the general

counts, claiming the sum of $90, " for work and labor, care . . . ;
also for a like further sum due from the defendant to the plaintiff
for rent." The other facts are stated in the opinion.

*Leslie & Carpenter*, for the plaintiff.
Assumpsit is the proper action for rent. 1 Chit. Pl. (8 Am.
Ed.) 343 ; Chit. on Con. (11 Am. Ed.) 510–11. The plaintiff
had a right to amend. 23 Vt. 673 ; 29 Vt. 459; 51 Vt. 272.
All questions of form are waived by the reference. 53 Vt. 585 ;
26 Vt. 138 ; 30 Vt. 610 ; 34 Vt. 121. Defendant should have
moved to dismiss the amended count. 15 Vt. 716 ; 7 Vt. 223.

*E. W. Smith*, for the defendant.
The plaintiff could not recover under the general counts. 12
Vt. 139 ; 16 Vt. 95. The new count made an entirely different
cause of action. 2 Aik. 252 ; 2 Saund. Pl. & Ev. 388 ; 2 Vt. 295.

The opinion of the Court was delivered by
ROYCE, Ch. J. The only question made in the County Court
upon the hearing on the report was as to the power of the court
to allow the original declaration to be amended by filing the new
count which is appended to the report. No question is made but
that the item for rent was recoverable upon the report made by
the referee, if it was allowable to file that count. The form of ac-
tion was the proper one for the recovery of rent ; and the origi-
nal declaration alleged that at the time of bringing the suit the
defendant was indebted to the plaintiff in the sum of $90 for rent.
It does not appear that any objection was made to the filing of the
new count, or exception taken to the ruling of the court allowing
it to be filed.

Upon the authority of *Peck* v. *Smith*, 3 Vt. 265, *Way* v. *Wake-
field*, 7 Vt. 223, and *Blodgett* v. *Skinner*, 15 Vt. 716, the de-
fendant, by neglecting to move to dismiss or to except to the rul-
ing of the court permitting the amendment, and pleading to the
action, waived any objection to its being made. In the latter case
the defendant demurred to the declaration, and alleged as a cause
of demurrer that the new count was variant from the declaration

Bachop *v.* Hill.

upon which the trial was had before the magistrate; and it was held that if the new declaration is inconsistent with the original cause of action, objection should be made to receiving it, or it should be met by a motion to dismiss; and if no such motion or objection is made, the question of variance will be understood as being waived. But we think in this case the amendment was one that the court had power to allow. It has been understood since the case of *Skinner* v. *Grant*, 12 Vt. 456, that amendments of this character were permissible. The true rule upon the subject is stated by Judge REDFIELD in *Granite Co.* v. *Farrar*, 53 Vt. 585; and the authorities referred to in that opinion and the briefs of counsel, settle beyond dispute that the amendment was properly allowed.

The judgment is reversed, and judgment for the plaintiff for the largest sum found due by the referee.