## GEORGE G. WARE *v.* HENRY ESTABROOKS.

October Term, 1900.

Present: TYLER, MUNSON, START and WATSON, JJ.

Opinion filed February 12, 1901.

*Pleading—Facts not conclusions to be alleged—Case for fraud—*In a declaration in case for fraud, it is not a sufficient allegation of fraud to allege that an act was fraudulently and deceitfully committed. Facts showing an actionable fraud must be alleged.

*Pleading—Essential facts and not mere evidence thereof to be alleged—* An allegation of a conversion is essential to a count in trover. It is not enough to allege a demand and refusal, which at most are only evidence of a conversion.

*Pleading—Allegations sounding in assumpsit rather than in tort—*A count alleging that the defendant took a type-writer of the plaintiff under an agreement by which he was to return it to the plaintiff after five day's trial or to retain it at agent's price and become agent, and that after the expiration of the five days he did not accept it at agent's price and become agent, and did not return it though requested, is a count in assumpsit.

*Pleading—Misjoinder of counts—*A declaration containing good counts in assumpsit and a good count in trover is bad on demurrer for misjoinder.

THE DECLARATION in the case was in three counts; the second count was trover in the usual form. The character of the first and third counts appears from the opinion. Heard on a demurrer to the first and third counts, and on a demurrer to the whole declaration, Caledonia County, June Term, 1900, *Taft,* C. J., presiding. Demurrers overruled and declaration adjudged sufficient. The defendant excepted and the cause was passed to the Supreme Court before final judgment.

*Porter & Thompson* for the plaintiff.

*Harland B. Howe* for the defendant.

TYLER, J. This case comes here upon a demurrer to the first and third counts in the declaration, the defendant con-

tending that these counts do not contain the necessary aver-
ments to constitute a good declaration in tort.

It is an elementary rule of pleading that every substan-
tive fact which is necessary in law to the maintenance of the
suit must be alleged. Gould's Pl., Ch. 3, ss. 2, 166. It is
not sufficient to allege that a certain act was fraudulently and
deceitfully committed, but such facts must be stated as will
give it that character. A declaration in fraud cannot be sus-
tained without appropriate facts being alleged to ground the
action upon, showing that the plaintiff had been damnified by
the defendant's deceit or wrongful act. *Ide* v. *Gray,* 11 Vt.
615; *Wright* v. *Bourdon,* 50 Vt. 494; *Sprague* v. *Fletcher,* 67
Vt. 48.

It is alleged in these counts that the plaintiff carried on
the business of selling typewriters at St. Johnsbury, and that
the defendant fraudulently contriving to purchase a typewriter
of the plaintiff at agent's price of seventy-five dollars, when the
regular price was one hundred dollars, "fraudulently and de-
ceitfully contriving, and craftily and subtly intending to
deceive and defraud the plaintiff in this behalf, requested the
plaintiff to send him on trial an Underwood typewriter at
agent's price, and then and there represented to the plaintiff
that he, the defendant, knew of intending purchasers, and that
if he were satisfied with such typewriter on trial, he would
keep such typewriter at agent's price and become the agent for
such Underwood typewriter in St. Johnsbury."

It is alleged that the plaintiff confided in these repre-
resentations and delivered a typewriter to the defendant for a
five days' trial, when, if the defendant were satisfied with it, he
might if he desired purchase it at agent's price and become an
agent for its sale, otherwise to return it to the plaintiff. But
it is not alleged wherein it was a fraud upon the plaintiff by
which he was damnified that the defendant obtained the chat-

tel at agent's price, nor is there a denial that he intended to become such agent, nor is the representation that he knew of intending purchasers alleged to have been false.

The plaintiff contends that these two counts, omitting unnecessary words, are good counts in trover. They do indeed allege a demand by the plaintiff and the defendant's refusal to return the chattel, but there is no direct allegation of a conversion; and a demand and refusal are only evidence of a conversion, and stating the mere evidence of a material fact is not sufficient, nor do a demand and refusal in the circumstances alleged constitute a conversion. The allegations are that the defendant took the chattel upon an undertaking to return it after five days' trial, or retain it at agent's price and become agent for its sale, otherwise to return it to the plaintiff; that after the expiration of the five days he did not accept it at agent's price and become agent, and did not return it to the plaintiff although requested. These are allegations of agreements made by the defendant with the plaintiff and of a breach thereof.

The second count is a good count in trover, and the first and third being in assumpsit, there is a misjoinder.

*Judgment reversed; demurrer sustained and cause remanded.*