## Mrs. C. E. (Annett) Dean *v.* J. M. Cass, and J. M. Cass *v.* Annett Dean.

### May Term, 1901.

Present: Rowell, Tyler, Munson, Start, Watson and Stafford, JJ.

### Opinion filed September 5, 1901.

*Pleading—Declaration bad for misjoinder on motion in arrest—*A declaration joining good counts in assumpsit with a good count in tort is bad on motion in arrest.

*Practice in the Supreme Court—Venire de novo on terms as the alternative of arresting judgment—*A declaration being by the Supreme Court held bad on motion in arrest, the plaintiff was, at his request granted a new trial on terms, as the alternative of an arrest of judgment.

*Taxation of costs—Witnesses not testifying—Case followed—*In the taxation of costs in favor of the prevailing party costs are not

allowed for witnesses not testifying "unless it is shown affirmatively that they were summoned in good faith and for such cause and occasion as justify their attendance at the expense of the other party."*Bliss* v. *Conn. & Pass. Rivers R. Co.*, 47 Vt. 715, followed.

IN THE FIRST OF THE CASES above named, the declaration was upon a false warranty in three counts. Plea, the general issue. Trial by jury, Caledonia County, December Term, 1900, *Taft*, C. J., presiding. Verdict for the plaintiff. After verdict and before judgment the defendant filed a motion in arrest of judgment. The motion was denied and judgment was rendered on the verdict. The defendant excepted.

The second of the above named cases was assumpsit on a note, and the only question therein was raised by an exception on the part of the plaintiff to the disallowance of certain items of costs.

·B. E. *Bullard* for Annett Dean.

*Harland B. Howe*, for J. M. Cass.

STAFFORD, J. The declaration is upon a false warranty in the sale or exchange of a piano. The first and second counts are in assumpsit and the third is in tort. Compare forms, 2 Chitty, Pl. 279, 679. This is a misjoinder and justified the defendant's motion in arrest of judgment. *Joy* v. *Hill*, 36 Vt. 333.

The statute invoked by the plaintiff, V. S. 1154, does not apply to such a case, but was enacted to remedy a defect in the law when there were several counts, some good and some bad, all for the same cause of action, and a general verdict. Before the statute the verdict was presumed to have been rendered upon one of the poor counts, but now upon one of the good ones. Here the difficulty is not that either count is defective in itself, but that they are of different natures and cannot be joined.

Yet in accordance with the practice since *Posnett* v. *Marble*, 62 Vt: 481, judgment is not arrested but, since the plaintiff has requested it, a *venire de novo* is awarded.

Judgment reversed and new trial ordered on terms that plaintiff pay defendant's costs up to the time of filing a new declaration, and take none during that time if she finally recover, except for service of the writ and entry of the action. If a new trial is not accepted on these terms, let judgment on the verdict be arrested with costs to the defendant in this court and in the court below.

*Cause remanded.*

In the companion case, wherein the parties stand in reversed characters, a single question is raised, relating to the taxation of costs. This was an action upon the note given for the piano in question, and stood first upon the docket, both cases being listed for trial by jury. The court ordered the warranty case tried first, and when that had been determined the plaintiff in the note case had judgment without a trial, and an order of set-off was made between the judgments. In taxing costs in the note case the clerk included as matter of law the fees, subpoena and service for certain witnesses whom the plaintiff procured to be summoned and to attend in the note case but whom he used for his defence in the warranty case. They were summoned and attended during the time for which these fees were taxed, before the trial court made its order that the warranty case should be tried first. In rendering judgment in the note case these costs were considered on appeal from the clerk's taxation, who certified to the foregoing facts, and the court as matter of law disallowed them. We are asked to hold that herein the County Court erred.

Costs are not allowed for witnesses not testifying "unless it is shown affirmatively that they were summoned in good faith and for such cause and occasion as justify their attend-

ance at the expense of the other party." *Bliss* v. *Conn. & Pass. Rivers R. Co.,* 47 Vt. 715. This is not shown by the record in the present case. Indeed it is difficult to see what occasion there could have been for calling any witnesses in the note case, for as the pleadings stood the production of the note was sufficient.

*Judgment affirmed and order of set-off vacated.*