ROBERT D. SMITH *v.* GEORGE E. L. BADLAM AND WILLIAM J. ANDERSON.

October Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 6, 1940.

329

*Jones & Jones* for the defendant Badlam.

*Wayne C. Bosworth* for the defendant Anderson.

*Asa S. Bloomer* for the plaintiff.

SHERBURNE, J. This action was commenced on July 12, 1939, as an action of contract in the common counts, and a specification was filed setting forth the following: "To 1000 trees at $3.00 $3000.00." On March 12, 1940, the plaintiff filed an amendment to his declaration by adding a count in tort alleging that the

defendants induced the plaintiff to buy a piece of land having an apple orchard thereon by falsely representing, among other things, that there were 3500 trees in the orchard, when they well knew there was no such number of trees therein, and that such orchard contained only 2500 trees, all to the damage of the plaintiff the sum of $3,000.00. Thereafter each of the defendants filed a motion in which he set out that the plaintiff's amendment alleging fraud and deceit had been filed without leave of court and without the consent of the defendant, and that such amendment introduced a new cause of action, and that therefore the filing thereof should not be allowed, and moved that the amendment be stricken from the files. Upon these motions the court made the following order:

> "Demurrers of defendant Badlam and defendant Anderson overruled. Plaintiff's amended complaint adjudged sufficient for an action in contract. Any matter alleged in complaint not needed for action in contract and that might sound in tort is treated as surplusage."

Exceptions were allowed to each of the defendants, and the cause has been brought here before final judgment.

Under the practice act (P. L. 1572) forms of action at law are divided into contract, tort, replevin and ejectment. By P. L. 1579 pleadings may be amended in matters of substance at any stage of the proceedings, under the direction and in the discretion of the court. This does not permit the introduction of a new cause of action. "But", as said in *Johnson* v. *Hardware Mutual Casualty Co.*, 109 Vt. 481, 489, 490, 1 Atl. 2d. 817, in quoting from *Daley* v. *Gates,* 65 Vt. 591, 27 Atl. 193, "as long as the plaintiff adheres to the contract or the injury originally declared upon, an alteration of the modes in which the defendant has broken the contract or caused the injury is not the introduction of a new cause of action." "The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid."

Contract and tort are still separate forms of action and cannot be joined. *Lindsay* v. *City of Newport*, 109 Vt. 52, 192 Atl. 21; *Ware* v. *Estabrooks,* 73 Vt. 92, 93, 50 Atl. 543; *Dean* v. *Cass,* 73 Vt. 314, 50 Atl. 1085; *Saville, Somes & Co.* v. *Welch,*

58 Vt. 683, 5 Atl. 491; *Carpenter* v. *Gookin*, 2 Vt. 495, 498, 21 Am. Dec. 566. An amendment which changes the form of the action should not be allowed, *Carpenter* v. *Gookin, supra; Saville, Somes & Co.* v. *Welch, supra;* and consequently can be attacked by a motion to dismiss or strike out. See also *Bachop* v. *Hill,* 54 Vt. 507.

█ It follows that the amendment brings in a count which the defendants were entitled to have struck out and dismissed.

█ That part of the order to the effect that matter not needed for an action in contract and that might sound in tort is treated as surplusage is irregular. If by any possibility the subject matter of this count could have been phrased into an action of contract, which did not introduce a new cause of action under the test we have given, it was the duty of the plaintiff to present an amended draft of the count before the court ruled, so that the court and the defendants might know exactly what the allegations were to be in the contract action. This the plaintiff did not do, and we are left in a situation of uncertainty. In fact, it is doubtful if this new count can be amended into an action of contract merely by striking out so-called surplusage. New and different allegations may be required to make it a count in contract.

*Judgment reversed, amended count dismissed, and cause remanded.*