### WILLIAM H. DUNKERLEY, Jr., v. WEBENDORFER MACHINE COMPANY.

Argued February 24, 1904—Decided June 13, 1904.

1. The willingness of a servant to assume the risk of obvious dangers is not shown by the fact that he knew of the danger, in a case where the servant has made complaint, received a promise of repair and continued work in reliance on the promise.
2. *Dowd* v. *Erie Railroad Co.*, 41 *Vroom* 451, followed.

---

In tort. On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *James G. Blauvelt.*

For the defendant, *John B. Humphreys.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff was injured by the bursting of a rapidly revolving emery wheel, while he was grinding spindles.   The defect complained of was in the centres that held the spindles, which were so worn that they permitted a vibration, which caused the bursting of the wheel.   The defect was known to the plaintiff, who made complaint to Marston, the superintendent.   Marston told the plaintiff that "he was having a new pair of centres made and he would put them in at the first opportunity."

The judge charged that the plaintiff perceived the danger, and that if that were all he could not recover; that if the jury believed the evidence as to Marston's promise, then the defendant took the risk of that danger and relieved the plaintiff from the assumption of danger, subject to this— that he was bound to exercise reasonable care and prudence for his own safety.

The charge was in accordance with the legal rule approved by this court in *Dowd* v. *Erie Railroad Co.*, 41 *Vroom* 451.   The opinion in that case was filed so recently before the argument of the present case that it could hardly have been known to counsel.   We have examined the able and elaborate argument in the present case, but fail to find any suggestion or authority therein which leads us to change the view expressed in the Dowd case.

The difficulty with which the defendant contends is that there is negligence on its part, in the first instance, in failing to exercise reasonable care about the machine.   For this negligence the defendant is liable unless it exculpates itself. It only exculpates itself when it shows that the plaintiff assumed the risk.   In some cases the assumption of risk is shown by the fact of accepting employment; the mere acceptance of the employment evinces a willingness to assume the ordinary risks of that employment, as a sailor assumes the risk of perils of the sea.   In other cases it is shown by the servant continuing at work, without complaint, where a new danger arises which is obvious or discoverable by the exercise

of ordinary care; and, although the servant does not assume
the risk of the master's negligence, yet if, with knowledge
of that negligence, he continues to work without complaint,
the master is exculpated. The master is not exculpated, how-
ever, unless the willingness of the servant to incur the risk is
shown or reasonably inferred from the circumstances of the
case. Such willingness is not shown, nor is it reasonably in-
ferred from knowledge of the danger by the servant, where
the other circumstances negative such inference. The cir-
cumstances that the servant complains, receives a promise of
repair and continues to work in reliance upon the promise,
negative the inference of willingness on his part to exempt the
master from liability. By making the promise, the master
relieves the servant from the assumption of risk and remains
liable for his negligence, notwithstanding the servant's knowl-
edge. This view of the law is borne out by the authorities
in other jurisdictions. *Clarke* v. *Holmes*, 7 *Hurlst. & N.* 937;
*Holmes* v. *Worthington*, 2 *Fost. & F.* 533; *Hough* v. *Texas
and Pacific Railroad Co.*, 100 *U. S.* 213; *Northern Pacific
Railroad Co.* v. *Babcock*, 154 *Id.* 190; *Swift* v. *O'Neill*, 187
*Ill.* 337; 58 *N. E. Rep.* 416; *Indianapolis and St. Louis
Street Railway Co.* v. *Watson*, 114 *Ind.* 20; *Rogers* v. *Leyden*,
127 *Id.* 50; 26 *N. E. Rep.* 210; *Lyttle* v. *Chicago, &c., Rail-
road Co.*, 84 *Mich.* 289; 47 *N. W. Rep.* 571; *Greene* v.
*Minneapolis and St. Louis Railway Co.*, 31 *Minn.* 248; *Roth-
enberger* v. *Northwestern Milling Co.*, 57 *Id.* 461; 59 *N.
W. Rep.* 531; *Patterson* v. *Pittsburg, &c., Railroad Co.*, 76
*Pa. St.* 389; *Wust* v. *Erie City Iron Works*, 149 *Id.* 263; 24
*Atl. Rep.* 291.

In Massachusetts the courts hold that in such cases it is
a question for the jury whether the servant has assumed the
risk, and that the promise is a circumstance to be considered
by the jury. *Counsell* v. *Hall*, 145 *Mass.* 468, in which Jus-
tice Holmes says that no case has gone the length of deciding
that the promise entitles the servant to recover as a matter
of law.

The view which we take does not rest the right of recovery
upon the promise, but upon the master's negligence, and the

fact that the application of the principle expressed in the maxim *volenti non fit injuria* is negatived by the servant's reliance upon the promise.

Taking the charge as a whole, it correctly stated the law upon this branch of the case.

The defendant insists that the evidence establishes contributory negligence. Upon that subject the judge charged that if the danger was so great that a reasonable man would not work on the machine, then the plaintiff could not throw the responsibility upon the company. The charge was clearly right. It is also clear that the question of the imminence of the danger was for the jury. Although the defect in the machine was obvious, it was a fair question whether the risk of an accident was so imminent that no reasonable man would have continued to work. The evidence shows that the superintendent of the defendant and the plaintiff thought the danger was not so imminent that the work should be stopped.

The question whether the plaintiff's method of operating the machine and his position while at work established contributory negligence was also a jury question.

We find no error in the rulings on evidence.

A centre similar to the centre the plaintiff worked on was produced, and he was asked to compare the size of the hole with the size of the hole in the centre on which he worked. He did it by testing with a spindle which had been sold to him as being of the same size he was using in the machine. We think this was permissible.

The testimony of Garlick as to the condition of the centres five or six weeks before the accident was properly excluded. It was clearly too remote.

The evidence of McGeachie as to the conversation with Marston, the superintendent, was admissible. It tended to corroborate the plaintiff's testimony that Marston told him he was having a pair of new centres made.

We do not think the verdict was against the weight of the evidence.

The rule must be discharged.