SYBIL HARRIS *v.* FRED L. BOTTUM AND ALBERT M. TORRANCE.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed July 30, 1908.

*Pleading—Release—Fraud—Allegations—Sufficiency—"Unduly Influenced"—Master and Servant—Injuries to Servant— Safe Place to Work—Master's Obligation—Defective Machinery—Assumption of Risk—Promise to Repair—Servant's Reliance Thereon—Declaration—Sufficiency.*

A pleading does not sufficiently charge that a transaction is fraudulent by merely characterizing it as fraudulent, without alleging that which makes it such; but the facts and circumstances constituting the alleged fraud should be stated with particularity sufficient to inform the adverse party of what he is required to answer, and so that the court can determine whether the acts complained of are fraudulent.

In an action by a servant against her master for personal injuries, a replication to a plea relying on a release of the claim, which alleges that because of her injuries, and the bodily pain, and mental anguish consequent thereon, and because of medicines taken to alleviate the pain, plaintiff had become so weak in body and enfeebled in mind that she did not understand the meaning of the writing, as defendants well knew, and that while she was in that condition defendant wrongfully procured and unduly influenced her to sign the writing, is bad on demurrer, because it insufficiently alleges that the release was obtained by defendant's fraud, the words "unduly influenced" being no more definite than "with a fraudulent design."

A master must furnish his servant a reasonably safe place wherein to work, and maintain it in a reasonably safe condition.

A servant assumes those extraordinary risks that he comprehends, or which are so plainly observable that he will be taken to have comprehended them; and hence he assumes the obvious danger incident to the operation of unguarded machinery.

A declaration, in an action for injuries to a servant while operating a machine, which alleges that it was her duty, by direction of defendants' superintendent, to operate the machine; that she did not know that it was a dangerous employment; that it was defendants' duty to place guards around the machine, thereby protecting her from injury, which defendants failed to do; that she had requested defendants to make the machine safer, and that she continued to run it without this being done; fails to state a cause of action, since it discloses that the fact that there was no guard on the machine was obvious to plaintiff, and that she believed it was dangerous to run it without a guard, thereby showing that she assumed the risk.

Where the promise of the master to repair defects in a machine of which the servant had complained induces the latter to remain in the employment, the servant may recover for injuries received within a reasonable time in which to repair the defects, unless the danger is so imminent that no prudent person would continue in the employment.

A servant, operating a machine with knowledge of the defects therein and in reliance on the master's promise to repair the defects, must exercise greater care than would be required of a servant operating the machine in ignorance of such defects.

In an action for injuries to a servant while operating a defective machine, a declaration relying on defendants' promise to plaintiff to remedy the defects of which she complained was bad on demurrer for failure further to allege that she continued in the service because of that promise.

CASE for negligence. Heard on general demurrer to plaintiff's replication to defendants' plea of a release of the claim, at the December Term, 1907, Bennington County, *Haselton*, J., presiding. Demurrer overruled and replication adjudged sufficient. Defendants excepted. Case passed to the Supreme Court before final judgment. The opinion states the substance of the pleadings in question.

*O. M. Barber,* and *R. E. Healy* for the defendants.

The danger being as apparent to the plaintiff as to the defendants, the defendants did not, as a matter of law, owe to

the plaintiff the duty of warning her as to the danger nor of instructing her as to avoiding it, and their failure to do so does not constitute negligence. *LaFlam* v. *Missisquoi Pulp Co.,* 74 Vt. 125; *Latremouille* v. *B. & R. R. R.,* 63 Vt. 336; *Carbine, Admr.* v. *R. R. Co.,* 61 Vt. 348; *Williamson, Admr.* v. *Marble Co.,* 66 Vt. 427; *Geno* v. *Fall Mt. Paper Co.,* 68 Vt. 568; *Sullivan* v. *Electrical Co.,* 178 Mass. 35; *Ciriack* v. *Woolen Co.,* 146 Mass. 182; *Sullivan* v. *India Mfg. Co.,* 113 Mass. 396; *Stewart* v. *Paper Co.,* 169 Mass. 313; *Connolly* v. *Eldredge,* 160 Mass. 566; *Crown* v. *Orr et al.,* 140 N. Y. 450; *Fisk* v. *R. R. Co.,* 72 Cal. 85; *Crowley* v. *Pac. Mills,* 148 Mass. 228; *Lowcock* v. *Franklin Railway,* 163 Mass. 391; *Coullard* v. *Tecumseh Mills,* 151 Mass. 38, 1 Am. St. Rep. 22; *Sweeney* v. *B. & J. Env. Co.,* 101 N. Y. 520; *Dunbar* v. *C. V. Ry. Co.,* 79 Vt. 474; *Dumas* v. *Stone,* 65 Vt. 442; *Skinner, Admr.* v. *Central Vt. R. R.,* 73 Vt. 336; *Hatch* v. *Reynolds' Est.,* 80 Vt. 294; *Bolton* v. *Ovitt,* 80 Vt. 362.

The plaintiff, in regard to the alleged promise, has failed to state a cause of action, for she has not alleged that reliance upon the promise of the defendants induced her to continue in the employment. 1 Labatt on Master & Servant, §418, p. 1184, §423, p. 1195; *Jones* v. *New Amer. File Co.,* 21 R. I. 125; *Bodwell* v. *Nashua Mfg. Co.,* 70 N. H. 390; *Conley* v. *Am. Ex. Co.,* 87 Me. 352.

The replication does not sufficiently allege fraud. It is not sufficient to characterize a transaction in general terms, as "fraudulent," or by "undue influence." The facts constituting the alleged fraud must be averred. 9 Enc. Pl. & Pr. 684; *Cowee* v. *Cornell,* 75 N. Y. 91; 7 Cyc. 96; *Giles* v. *Williams,* 3 Ala. 316; *Gushee* v. *Leavitt,* 6 Cal. 160, 63 Am. Dec. 116; *Gates* v. *Steel,* 58 Conn. 316; *Bull* v. *Bull,* 2 Root 476; *Roth* v. *Roth,* 104 Ill. 35; *People* v. *Healy,* 128 Ill. 9; *Albertoli* v. *Branham,* 80 Cal. 631, 13 Am. St. Rep. 200; *Goodrich* v. *Reynolds,* 31 Ill. 490, 83 Am. Dec. 240; *Joest* v. *Williams,* 42 Ind. 565; *Merrill* v. *Washburn,* 83 Me. 189; *Connor* v. *Dundee,* 50 N. J. L. 257; *Bergen* v. *Porpoise Co.,* 42 N. J. E. 397; *McKibben* v. *Ellingson,* 58 Minn. 205; *Helms* v. *Green,* 105 N. C. 251, 18 Am. St. Rep. 893; *Pendleton* v. *Galloway,* 9 Ohio 178, 34 Am. Dec. 434; *Whitely* v. *Murphy,* 5 Ore. 328; *Sterling* v. *Mercantile M. I. Co.,* 72 Am. Dec. 773; *Fogg* v. *Blair,* 139 U. S. 118; *Hazard* v. *Griswold,* 21 Fed. 178; *Brooks* v. *O'Hara,* 8 Fed. 529; *Hyson* v.

*Dunn,* 5 Ark. 395; *James* v. *Kelley,* 107 Ga. 446; *Bell* v. *So. Home Ass.,* 140 Ala. 371; *Brainard* v. *Van Dyke,* 71 Vt. 359; *Quinn* v. *Valiquette,* 80 Vt. 434; *Wright* v. *Bourdon,* 50 Vt. 495; *Ide* v. *Gray,* 11 Vt. 615; *Jackson* v. *Rowell,* 4 L. R. A. 637; *Southall* v. *Farish,* 1 L. R. A. 641; *St. Louis etc. R. R. Co.* v. *Johnson,* 133 U. S. 577; 7 Enc. Pl. & Pr. 247; *Wood* v. *Armory,* 105 N. Y. 282; *Cohn* v. *Goldman,* 76 N. Y. 284; *Gardner* v. *Gardner,* 22 Wend. 526; *Heath* v. *Bank,* 79 Vt. 301; *Small* v. *Small,* 4 Greenleaf 220; *Shea* v. *Murphy,* 164 Ill. 614, 56 Am. St. Rep. 215; *Delaplain* v. *Grubb,* 44 W. Va. 612, 67 Am. St. Rep. 788.

The replication is also bad for failure to allege fraudulent intent on defendants' part. *Griswold* v. *Sabin,* 51 N. H. 167; *Feeney* v. *Howard,* 79 Cal. 525, 12 Am. St. Rep. 162; *McKibben* v. *Ellingson,* 58 Minn. 205.

*John V. D. S. Merrill,* and *Batchelder & Bates* for the plaintiff.

The release, in the circumstances set out in the replication, is void. *Towns, Admr.* v. *Waldo,* 62 Vt. 118; *Somes* v. *Brewer,* 2 Pick. 183; *Somes* v. *Skinner,* 16 Mass. 348; *Bliss* v. *Thompson,* 4 Mass. 487. A release of a claim for injuries in such circumstances as are disclosed by the pleadings in this case is always viewed with suspicion. *Railway Co.* v. *Mills,* 2 Am. & Eng. Ry. Cases 128; *George* v. *Railway Co.,* 1 Am. & Eng. R. R. Cases 294; *Railway Co.* v. *Lewis,* 19 Am. & Eng. R. R. Cases 224; 30 Am. & Eng. R. R. Cases 600.

But, if the replication is open to the objections relied on by plaintiff, those objections can be reached only by special demurrer. 1 Chitty Pl. 443; *Band* v. *Weed,* 19 Johns. 300; *Kennedy* v. *Strong,* 10 Johns. 289; *Van Ness* v. *Forest,* 8 Cranch 30.

TYLER, J.   The plaintiff alleges in her first count that it was her duty, by the terms of her employment and by the direction of the defendants' superintendent, to operate the machine on the occasion alleged; that she was not a skilled operative; that she did not know it was a dangerous employment; that the defendants knew it and should have informed her of it and

instructed her how to perform her work without danger to herself; that it was their duty to place guards around the machine which would have protected her from injury.

The negligence complained of was that the defendants did not place a guard in front of the small cylinder; that they did not have the cloth securely fastened to the cylinder at which the plaintiff worked to prevent its dropping down, and that the defendants did not instruct her about the danger, of which they well knew and did not inform her how to avoid.

The plaintiff alleges that the accident occurred by reason of one end of the cloth becoming unfastened and dropping down while she was operating the machine which was revolving rapidly; that her duty compelled her to put the cloth back in its place, and that while so doing, by reason of there being no guard on the machine her hand was drawn between the large and one of the small cylinders and injured.

In the second and third counts the plaintiff alleges the necessity of placing guards around other cylinders. In the second she alleges that the defendants knew that it was their duty to keep the cloth fastened to the cylinder and that they had promised her that they would keep it so fastened, but had neglected that duty.

1. The defendants pleaded that by a certain writing signed by the plaintiff, and for a good and valuable consideration paid to her by them, which she accepted, she released and discharged them from her supposed cause of action.

The plaintiff replied that the release was obtained of her by the defendants' fraud and their undue advantage and influence over her; that while she was weak in body and enfeebled in mind, and when the defendants knew she was in that condition they wrongfully procured her to sign the release, which, by reason of her said condition, she did without knowing or having reason to know the legal effect or contents thereof.' The sufficiency of the replication is called in question by a demurrer.

It is the general rule that where fraud is alleged in pleading, the facts and circumstances constituting it should be set forth clearly and concisely and with sufficient particularity to apprise the other party what he is called upon to answer. 9 Ency. Pl. and Pr. 687. The defendants cite numerous authorities in support of this proposition, but it is unnecessary to look

beyond our own decisions upon this subject. In the early case of *Ide* v. *Gray*, 11 Vt. 615, the Court held that a declaration in fraud could not be sustained without appropriate facts to ground the action upon showing that the plaintiff had been damnified by the defendant's deceit. The rule is recognized and stated as elementary in *Brainard* v. *Van Dyke*, 71 Vt. 359, 45 Atl. 758. In the recent case of *Quinn* v. *Valiquette*, 80 Vt. 434, 68 Atl. 515, where the allegation in a bill in chancery which was brought to have an extension of a lease set aside on the ground of fraud, the Court said: "There is no sufficient allegation that the defendant procured the extension of the lease by fraud, for it is not enough to characterize a thing as fraudulent without alleging that which makes it fraudulent, and there is no such allegation." The rule is forcibly stated in *Fogg* v. *Blair*, 139 U. S. 118, 35 Law. ed. 104, 11 Sup. Ct. 476.

The plaintiff alleges in her replication that by reason of her injuries and the bodily pain and mental agony consequent thereupon and by reason of certain medicines, which, under her physician's advice, she had taken to alleviate her pain she had become so weak in body and enfeebled in mind that she did not understand or suspect the meaning and legal effect of said writing, and that while in that condition of body and mind, of which the defendants well knew, and knowing that she did not understand the meaning and effect of said writing, they wrongfully asked, procured and unduly influenced her to sign said writing, which she did in their presence and solely by reason of their said request, procurement and undue influence and by reason of her said condition. The plaintiff thus states three things, no one of which alone, but all combined, the defendants did, that caused her to sign the writing. This allegation does not comply with the rule in that it fails to allege what means the defendants used to procure the plaintiff's signature and how they unduly influenced her to sign the writing. Fraud must be distinctly alleged in the pleadings so that it may be put in issue and evidence thereof given so that the court can see and determine whether the defendant's acts were fraudulent, as alleged, or not.

The replication contains no substantive allegation of fraud. The use of the words, "unduly influenced," is no more a compliance with the rule than is the averment that certain things were done "with a fraudulent design," or that the defendant "craft-

ily and subtly deceived'' the plaintiff, which averments have been held insufficient. *Dean* v. *Mason,* 4 Conn. 428, 10 Am. Dec. 162; *Evertson* v. *Miles,* 6 Johns. 138. The words ''unduly influenced'' are not more than the equivalent of ''falsely and fraudulently;'' which term was used in the declaration in *Wright* v. *Bourdon,* 50 Vt. 494. The words, ''by the unlawful imprisonment and fraud of the defendant,'' used in the replication in *Brainard* v. *Van Dyke, supra,* were held not to meet the requirements of the rule.

2. The main question is, does the declaration present a cause of action against the defendants?

The rules of law relating to the reciprocal duties of master and servant are well settled. The only difficulty is in their application to different cases as they are presented by trials of issues of fact or by demurrers.

In this case it was the defendants' legal duty to provide for the plaintiff a reasonably safe place in which to work, and to maintain it in a reasonably safe condition during the employment. But it does not necessarily follow that the defendants are liable to the plaintiff for the injuries that she received if the place where she was employed to work was unsafe and she was injured in consequence of such unsafe condition. *If* the place was obviously unsafe so as to charge the plaintiff with knowledge thereof, and she nevertheless entered upon the work, she assumed the risk. It would be manifest injustice to hold an employer liable for injuries received by an employee through defects or insufficiencies in place or machines that the employees observed or that were plainly observable by him.

It was obvious to the plaintiff that there was no guard upon the machine. From her allegation that she had requested the defendants to fasten the cloth upon the cylinder and that they had promised to do so it is inferable that she had previously operated the machine; but if this was the first time she used it she *saw* that it had no guard and *believed* it was dangerous to run the machine without one.

It was held in *Admr. of Carbine* v. *Ry. Co.,* 61 Vt. 348, 17 Atl. 491, that while a servant assumes no risk caused by his employer's breach of duty, unless he has knowledge of the danger thereby caused and voluntarily continues in the employment; but if with this knowledge he does continue therein, the increased

danger becomes an incident of the service which he assumes, and for any injury resulting therefrom the master is not liable. By the acceptance of the service and the continuance therein the servant assumes the hazard incident to obvious and known dangers. The rule was thus correctly stated as applicable to the facts in that case. But see *Latremouille* v. *Bennington and Rut. Ry. Co.*, 63 Vt. 340, 22 Atl. 656; *Geno* v. *Fall Mountain Co.*, 68 Vt. 568, 35 Atl. 475; *La Flam* v. *Missisquoi Pulp Co.*, 74 Vt. 125, 52 Atl. 526; and *Skinner, Admr.* v. *Cen. Vt. R. Co.*, 73 Vt. 336, 50 Atl. 1099. The rule is clearly stated in *Dunbar* v. *Cen. Vt. R. Co.*, 79 Vt. on page 476, * * * * * "unless he knew and comprehended it, or it was so plainly observable that he will be taken to have known and comprehended it; then, in either case, he cannot recover."

*Connolly* v. *Eldredge*, 160 Mass. 566, 36 N. E. 469, was similar in its facts to the present case. There the plaintiff, when injured, was by direction of her superior, but without special direction, putting a new cloth covering on the upper roller, over the guard of a steam ironing machine; *held*, that the elements of danger were observable and required no instructions to make them appreciated; that the action could not be maintained. In *Stephenson* v. *Duncan*, 73 Wis. 404, 9 Am. St. Rep. 806, 41 N. W. 337, it was held that a servant, by accepting and remaining in the service, assumed all the risk from an uncovered saw that projected over its frame partly across a narrow passageway along which he was obliged to go in the performance of his duties.

The law is settled that the employee assumes the open and obvious danger incident to the operation of unguarded machinery. 20 Am. & Eng. Ency. 117, and cases there cited. There is no averment in the declaration that the plaintiff had not mental capacity to comprehend the danger of her employment; on the contrary, she alleges that she did comprehend it sufficiently to request the defendants to make the machine safer to use, and that she continued to run it without this being done.

3. The remaining question is, what was the effect of the defendants' alleged promise to remedy the defects in the machinery?

The general rule is, where the promise of the master to repair defects, of which the servant has complained, induces the

servant to continue in the employment, he may recover for injuries received within a reasonable time for the repair of the defects, unless the danger is so imminent that no reasonably prudent man would continue in the service.

If a servant is engaged in a dangerous service in which the machinery is defective, and has knowledge thereof, makes objection thereto, and is induced to remain in the master's employment by promise or assurance of its repair, and, not having waived the objection, is injured by reason of such defect, without contributory negligence on his part, he is entitled to recover. But greater care is required of him than if he had not known of the defect. *Erdman* v. *Ill. Steel Co.*, 95 Wis. 6, 60 Am. St. Rep. 66, 69 N. W. 993.

In this case the declaration contains no allegation that the plaintiff was induced to remain in the defendants' service by reason of their promise to remedy the alleged defect in the machine; therefore she remained at her own risk.

Upon the allegations in the declaration the plaintiff is not entitled to recover.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient; cause remanded.*