SIBYL HARRIS *v.* FRED L. BOTTOM AND ALBERT M. TORRANCE.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed, October 22, 1910.

*Master and Servant—Injuries to Servant—Safe Working Place—
    Master's Obligation—Defective Machinery—Master's Promise
    to Repair—Servant's Reliance Thereon—Master's Liability
    for Servant's Subsequent Injury—Assumption of Risk—Law
    of the Case—Declaration—Sufficiency.*

A statement of a rule of law governing a master's liability to his servant, made in an opinion of the Supreme Court reviewing a decision as to the sufficiency of plaintiff's pleadings in a servant's action for injuries, but not necessary to the disposition of the questions presented, cannot in strictness be held to be "the law of the case" in its subsequent proceedings.

Where the promise of the master to repair defects in a machine of which the servant had complained induces the servant to remain in the employment, the latter may recover for injuries received within a reasonable time in which to repair the defects, unless the danger is so imminent that no reasonably prudent person would continue in the employment.

A servant's action for injuries received while operating a defective machine in reliance on defendants' promise to repair the defect, of which plaintiff had complained to defendants, is not based on that promise, but on defendants' conduct in setting plaintiff to work at the machine after they were informed and knew that it was unsafe; and their promise to repair is alleged only to show that they are not relieved from liability by plaintiff's conduct and knowledge.

And in such case, so far from the master being free from liability for injuries occurring to the servant during a reasonable time wherein to repair

the defects, it is precisely for injuries occurring within that time that a master, who has given assurances of repair that are relied on, is liable; for, if the servant continues to work beyond such reasonable time, he ceases to do so in reliance on the master's promise to repair, and assumes the risk.

In a servant's action for injuries received while operating a defective machine in reliance on defendants' promise to repair the defect, a declaration which alleges that the accident occurred in the same forenoon in which the promise was made, while plaintiff was working in reliance thereon, and within a reasonable time thereafter for making the repairs, is sufficient as against the objection that it does not show how long the accident occurred after the defect was discovered and the promise made to repair it.

In a servant's action for injuries which the declaration alleges were received while operating a mangle in reliance on defendants' promise to repair a defect therein, consisting of the dropping from time to time at one end of a roll of the cloth covering thereof, necessitating its replacement with plaintiff's hand, which act was fraught with some danger, as plaintiff knew, but not with imminent peril, the declaration does not warrant either the inference that plaintiff was imprudent in continuing to work in reliance on the promise to repair, or that defendants acted cruelly and inhumanly in inducing her to do so.

The care and prudence of a prudent man in any circumstances depends on those circumstances, and where the declaration, in a servant's action for injuries received while operating a defective machine in reliance on defendants' promise to repair the defect, properly negatived any fault or negligence on plaintiff's part, the further allegation that she was in the exercise of extraordinary care was unnecessary.

CASE for Negligence. Heard on general demurrer to the amended declaration at the December Term, 1909, Bennington County, *Butler*, J., presiding. Demurrer overruled, and declaration adjudged sufficient. The defendant excepted. The opinion states the case. This case had been once in the Supreme Court, see 81 Vt. 346.

*Holden* and *Healy* for the defendant.

The declaration is insufficient.

It is alleged that the machine became out of repair on the morning of the accident and the declaration must be construed to mean that the defect first became known to the defendants through the complaint of the plaintiff. There is no allegation that the defendants did not thereupon at once go about the

repairs after the matter came to their attention, the law allowed them a reasonable time within which to make the repairs. 1 Labatt on Master and Servant 244; *Johnson* v. *Armour*, 18. Fed. 490; *Alabaster Co.* v. *Longeran*, 90 Ill. App. 353; *Pavey* v. *St. L. & S. F. R. Co.*, 85 Mo. App. 218; *Seaboard Mfg. Co.* v. *Woodson*, 94 Ala. 143; *Ozier* v. *Hinesburg*, 44 Vt. 220; *Brown* v. *Mt. Holly*, 69 Vt. 364; *Indianapolis etc. R. Co.* v. *Flanigan*, 77 Ill. 365; *Kerrigan* v. *Chicago etc. Ry. Co.*, 86 Minn. 407; Note, 98 Am. St. Rep. 296; *Kupkofski* v. *Spiegal Co.*, 135 Mich. 7.

Notwithstanding the alleged promise, the declaration shows plaintiff to be guilty of contributory negligence. If the danger is not great and constant, then such promise may well be deemed to relieve him; but when it is great and immediate, and of such a nature that a prudent man would not ordinarily incur it, a promise does not nullify or excuse the contributory negligence. *District of Columbia* v. *McElligot*, 117 U. S. 621, 29 L. Ed. 946; Note 119 Am. St. Rep. 441; *Musser etc. Co.* v. *Brown*, 126 Fed. 141; *Silvia* v. *Wampanoag Mills*, 177 Mass. 194; *Lewis* v. *N. Y. etc. Co.*, 153 Mass. 73; *Levesque* v. *Janson*, 165 Mass. 16; *Brewer* v. *Flint etc. Co.*, 56 Mich. 620.

The allegations also show that plaintiff assumed the risk. In Wharton on Negligence, 2nd Ed. §220, it is said, "The only ground on which the exception before us can be justified is, that in the ordinary course of events the employee, supposing the employer has righted matters, goes on with his work without noticing the continuance of the defect. But this reasoning does not apply, as we have seen, to cases where the employee sees that the defect has not been remedied and yet intelligently and deliberately continues to expose himself to it." *Critchfield* v. *R. & D. Co.*, 78 N. C. 300; *Belair* v. *C. & N. W. R. Co.*, 40 Iowa 662; *Brewer* v. *Flint. etc. Co.*, 56 Mich. 620. And it is well settled that an experienced adult of average intelligence assumes the risks incident to the operation of a mangle and like machines. *Butler* v. *Frazee*, 211 U. S. 459, 21 L. Ed. 281; *Lowcock* v. *Franklin Paper Co.*, 169 Mass. 313; *O'Connor* v. *Whittal*, 169 Mass. 563; *Crowley* v. *Pacific Mills*, 148 Mass. 228; *Ciriack* v. *Merchants' Woolen Co.*, 146 Mass. 182; *Connolly* v. *Eldridge*, 160 Mass. 566; *Gaudet* v. *Stansfield*, 182 Mass. 451; *Burke* v. *Davis*, 191 Mass. 20; *Day* v. *Achron*, 23 R. A. 627;

*Morancy* v. *Hennessey*, 24 R. I. 205; *Hickey* v. *Taffe*, 105 N. Y. 26; *Counter* v. *Union Laundry Co.*, 34 Mont. 590; *Daffron* v. *Majestic Laundry Co.*, 41 Wash. 65. The cases where the rule of assumed risk is suspended and the servant exempted therefrom by the promise of the master are those in which particular skill and experience are necessary to know and appreciate the defect and the danger incident thereto. *Gunning System* v. *Lapointe*, 212 Ill. 274, 72 N. E. 393; *Meadro* v. *Lake Shore etc. Co.*, 138 Ind. 290, 46 Am. St. Rep. 384; *Marsh* v. *Chickering*, 101 N. Y. 396; *McGill* v. *Cleveland etc. Co.*, 79 Ohio 203, 128 Am. St. Rep. 705.

*John V. D. S. Merrill* for the plaintiff.

Where a servant knows and comprehends a defect in a machine that he is operating, and notifies the master thereof, and by the latter's promise to repair the defect is induced to continue operating the machine, the servant may do so for a reasonable time wherein to make the repairs, without assuming the risk, unless the danger is so great that no prudent man would undertake it. Hale on Torts, 517; *Dumas* v. *Stone*, 66 Vt. 442.

HASELTON, J. This is an action for negligence. The cause was once before this Court on questions of pleading, and the declaration then under consideration was adjudged insufficient, the cause was remanded and an amended declaration was filed. It has so fared with the case that it is again here on exceptions to a judgment overruling a general demurrer to the amended declaration and sustaining the sufficiency thereof.

Among the facts which the demurrer admits are these: The defendants were manufacturers of textile fabrics and employed a large number of operatives of whom the plaintiff was one. One of their machines was a mangle, so called, which had an iron frame and had, among its parts, a large metal roll and three small metal rolls close to the large one. The small rolls were covered with cloth waxed and pinned to them. When the machine was in operation the small rolls revolved rapidly against the large roll, and the fabrics were run between and so

were ironed and pressed. Two operatives were required in the running of the machine, one to feed in the fabrics and the other to take them as they came out. April 1, 1903, at about eight o'clock in the morning the defendants set the plaintiff at work on the machine in taking away pressed goods from the back side of the machine. While the machine was in operation it became out of repair in that the cloth on one of the small rolls, for lack of wax and pinning, dropped from time to time, at one end of the roll, and made it necessary for the plaintiff, in order that the goods might be properly ironed, now and then to put it back as it dropped, and to use her hand in so doing. For her to do this was somewhat dangerous, as the plaintiff knew, but was not attended with imminent peril. The plaintiff called the attention of the defendants to the want of repair of the machine in the respect named and complained to them of its condition and requested them to repair it. She further told them that she did not wish to work on the machine and would not do so any longer, unless, and until, it was repaired. Thereupon the defendants directed and requested her to continue working on the machine as she had been doing and to put back the cloth from time to time as it dropped off from the small roll until they should make repairs; and they then and there promised her that if she would so continue they would make the repairs required. The plaintiff, relying upon this promise and within a reasonable time for the repair of the roll by the defendants, continued to work at the machine during part of the forenoon of the day named; and thereafter during the same forenoon and while she was in the exercise of extraordinary care and without fault on her part, but in consequence of the condition of the roll and the negligence of the defendants in respect thereto, her hand was drawn between the rolls, and the injury was received for which complaint is made.

When this case was here before it was held, among other things, that the declaration was insufficient in that it contained no allegation that the plaintiff was induced to remain at work by reason of the defendants' promise to remedy the defect in the machine. This insufficiency has been supplied in the amended declaration now before us and in part set out above. *Harris* v. *Bottom,* 81 Vt. 346.

In the former opinion, however, the rule was stated that: "Where the promise of the master, to repair defects of which the servant has complained, induces the servant to continue in the employment the latter may recover for injuries received within a reasonable time for the repair of the defects unless the danger is so imminent that no reasonably prudent man would continue in the service." This statement of the rule cannot in strictness be held to be the already decided law of the case. For the insufficiency of the declaration, as it was then, was the matter decided. Accordingly, counsel for the defendants have felt at liberty, and have been at liberty, to make some criticisms upon the statement of the rule as above quoted. But we think, upon a full re-examination of the matter, that the law as it has come to be generally understood, and as in sound reason it ought to be; was very clearly and carefully stated in the passage quoted from the former opinion.

*Fox* v. *Kinnear* etc. *Co.,* 75 N. J. L. 716, 67 Atl. 1011; *Dunkerly* v. *Webendorfer* etc. *Co.,* 71 N. J. L. 60, 58 Atl. 94; *Foster* v. *National Steel Co.,* 216 Pa. 279, 65 Atl. 618; *Hollis* v. *Widener,* 221 Pa., 72, 70 Atl. 287; *Rice* v. *Eureka Paper Co.,* 174 N. Y. 385, 66 N. E. 979; *Brown* v. *Logging Co.,* 104 Minn. 156, 116 N. W. 218; *Buckner* v. *Stockyards* etc. *Co.,* 221 Mo. 700, 120 S. W. 766; *North Chicago* etc. *R. Co.* v. *Aufmann,* 221 Ill. 614, 77 N. E. 1120; *Crossing Works* v. *Fries,* 228 Ill. 246, 81 N. E. 862; *Louisville* etc. *Co.* v. *Keltenbrun,* 26 Ky. Law Rep. 208, 80 S. W. 1163. Leading cases in point are *Clark* v. *Holmes,* 7 H. & N. 937 and *Hough* v. *Railway Co.,* 100 U. S. 213.

It is urged that the declaration does not show negligence on the part of the defendants; that there is no allegation that the cloth was in the first instance improperly put upon the rolls; nor that the machine was improperly equipped; nor that the defendants maintained an inefficient system of inspection. But it was not necessary to allege any of these things. The declaration is to the effect that on the morning in question when, as the defendants were informed and knew, their machine was defective and unsafe they deliberately set the plaintiff at work upon it. Their conduct in this regard is the gist of the action. The action is not and could not be based upon their promise to repair; but such promise and the plaintiff's reliance upon it

are alleged to show that the defendants were not relieved from liability by the knowledge and conduct of the plaintiff.

Again it is urged that the defendants had a reasonable time within which to make the repairs, and that they could not be held liable for an injury resulting within such time. But it is emphatically for injuries occurring within such time that a defendant who has given assurances of repair that are relied on is liable. Where the promise is general as to time and the repairs are not made within a reasonable time therefor it is pretty generally held that if the servant continues to work beyond such reasonable time he cannot be considered as so continuing in reliance upon the promise.

Another objection to the declaration is that it does not show how long after the discovery of the defect and the promise to repair, it was that the accident occurred. But the declaration alleges that the accident was during the same forenoon in which the promise was made and within a reasonable time thereafter for the making of the repairs and while the plaintiff was working in reliance upon the promise, and these allegations are sufficient to show that the objection last specified is groundless.

It is especially urged that in running the machine and in doing what she did, as she was directed and requested to do, the plaintiff exposed herself to danger so imminent that no reasonably prudent person would have encountered it, and that so the rule stated above does not apply but the exception rather. This claim involves, of course, the proposition that in setting the plaintiff at work on the morning in question the defendants, through their foreman, acted cruelly and inhumanly in inducing the plaintiff to work on the defective machine. But the declaration does not warrant either of these conclusions to be drawn.

It is suggested that the allegations in the declaration as to what the plaintiff did, and how she did it, show contributory negligence on her part. It is not clear that counsel for the defendants insist upon this point as something independent of the claim last noticed. However, the declaration shows that in continuing work upon the machine she did only those things which it was necessary to do and which she was requested to do. The declaration, in usual and sufficient terms, negatives any fault

or negligence on the part of the plaintiff, and further alleges the exercise of extraordinary care on her part. The latter allegation is unnecessary, for while the care and prudence which she was bound to exercise must be determined with reference to the hazards of the undertaking in which she was engaged, this fact involves no exceptional principle and requires no unusual allegation in the declaration. The care and prudence of a prudent person in any circumstances depends upon the nature of those circumstances.

In some jurisdictions it is held that the rule of liability herein indicated does not apply to cases in which the promise to repair relates to some simple tool or appliance used in ordinary labor. The courts are not agreed as to whether there is such an exception; nor are the courts which recognize it agreed as to the extent of its application.

It is enough to say here that we consider the case made by the declaration before us to be governed by the rule recognized and stated in the former opinion herein. *Harris* v. *Bottom*, 81 Vt. 346.

Upon consideration of the various reasons urged in support of the defendants' demurrer we are satisfied that the plaintiff's declaration sufficiently states a cause of action and that the demurrer was properly overruled.

*Judgment affirmed and cause remanded.*