MORRIS v. TRAVELERS' INS. CO. et al.

(Circuit Court, D. Vermont. June 21, 1911.)

1. INSURANCE (§ 624*)—EMPLOYERS' INDEMNITY INSURANCE—RELATION BETWEEN INSURER AND EMPLOYÉ.

An employé has no contractual relation with an insurer of the employer against damages for injuries to the employés, and he has no right of action at law against the insurer.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 624.*]

2. JUDGMENT (§ 511*)—VACATION—GROUNDS—FRAUD.

Extrinsic fraud may vitiate a judgment of a court of competent jurisdiction under proper proceedings brought for that purpose, but not by collateral proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 951, 954; Dec. Dig. § 511.*]

3. JUDGMENT (§ 511*)—VACATION—FRAUD—COLLATERAL ATTACK.

A declaration in an action by an employé against the employer and its insurer against liability for injuries to employés, which alleges that the employé sustained a personal injury, that the employer and insurer fraudulently procured the entry of a judgment for plaintiff in a court of competent jurisdiction, based on a stipulation signed by the employé and his next friend by reason of fraudulent representations, and which de-

mands damages for the fraud and for the injuries, is an attempt to collaterally attack the judgment and to recover for the injuries, and is demurrable on the ground that the judgment is not subject to collateral attack.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 951, 954; Dec. Dig. § 511.*]

4. PLEADING (§ 18*)—CERTAINTY.

A declaration in an action by an employé against the employer and its insurer against liability for injuries to employés, which alleges that the employer and insurer fraudulently procured the entry of a judgment for plaintiff for a personal injury, pursuant to a stipulation signed by the employé in consequence of fraudulent representations, but which does not set forth any particular act as having been performed by any particular person acting for the employer or insurer, is subject to a demurrer interposed by insurer because the allegations are too indefinite to require insurer to plead the merits.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 39; Dec. Dig. § 18.*]

At Law. Action by David M. Morris against the Travelers' Insurance Company and the Union Soapstone Company. Demurrer to declaration sustained.

An action on the case. The declaration, briefly stated, alleges, in the first count: That the defendant Union Soapstone Company, a corporation organized under the laws of the state of New Hampshire and doing business in Chester, in the state of Vermont, engaged the plaintiff in its employ, and on March 11, 1902, the plaintiff, without fault on his part, was seriously injured through the negligence of the said company, to the damage of the plaintiff $20,000. That at the time of said injuries the Travelers' Insurance Company, a corporation duly licensed to transact business in Vermont, had insured the said Union Soapstone Company against liability for injuries to its employés, and said policy of insurance was in force at the time of the injuries to the plaintiff, whereby the Travelers' Insurance Company was liable for all damages and costs resulting from injuries to the employés of the said Union Soapstone Company. That soon after the injuries aforesaid "the Union Soapstone Company and the Travelers' Insurance Company, fraudulently and deceitfully contriving to cheat and defraud the plaintiff, caused to be brought and entered upon the docket of the Windsor county court, in the said state of Vermont, an action in the name of said plaintiff and said Sabin Morris as his next friend, and without the knowledge, consent, or direction of said plaintiff, and without the knowledge, consent, or direction of said Sabin Morris, and thereafterwards, on, to wit, the 1st day of August, 1902, said defendants did fraudulently represent to the plaintiff and said Sabin Morris that it was necessary and for the plaintiff's interest to execute a document then and there, by and at the instigation of said defendants presented to said plaintiff and the said Sabin Morris, which said document was in the words and figures following: 'Windsor County Court, June Term, 1902. David M. Morris, by Sabin Morris, His Next Friend, of Rockingham, County of Windham v. Union Soapstone Company, a Corporation Duly Formed under the Laws of the State of New Hampshire and Doing Business at Chester, County of Windsor and State of Vermont. It is hereby agreed by and between the parties in the above-entitled cause that judgment may be entered for the plaintiff in the sum of four hundred dollars ($400) without costs. We, David M. Morris, a minor, 19 years of age, who sues in the above-entitled cause by his next friend, Sabin Morris, have this day received the above-named sum in judgment rendered by Windsor county court of four hundred dollars, as above stated, in full satisfaction and discharge of said judgment and hereby

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agree to enter on the docket of said county court full satisfaction received in payment of above judgment. [Signed] David M. Morris. [L. S.]

[Signed] Sabin X Morris, Next Friend of David M. Morris. [L. S.] Witness: Chas. A. Burns. Mary T. Bouker. Witness to mark: Chas. A. Burns. Mary T. Bouker.' And said defendants did fraudulently conceal the nature of said document and the existence of said suit at law, and, with the intent to cheat and deceive the plaintiff by said fraudulent representations and concealments, procured the said plaintiff and said Sabin Morris to sign said document, thereby releasing the said defendants the Union Soapstone Company and the Travelers' Insurance Company from all claim for damages for the negligence of the said Union Soapstone Company as hereinbefore set forth for a small sum of money, to wit, the sum of four hundred dollars, which said sum was entirely inadequate and was only a small part, to wit, $1/50$ of the damages to which said plaintiff was by the premises entitled, and no part of which has plaintiff ever received, and thereafterwards said defendants procured judgment to be entered in said county court upon said document or stipulation. And the plaintiff avers that he and the said Sabin Morris then and there believed and were deceived by the representations of said defendants and were then and there ignorant of the facts so fraudulently concealed by said defendants and did not know or have reason to know of said suit and judgment until, to wit, the 1st day of February, 1906, and by reason of their belief and reliance upon said representations and their ignorance of the facts so fraudulently concealed said plaintiff and said Sabin Morris signed and executed said document or release. And that thereby, and by reason of the premises, plaintiff has been deprived of his day in court, and his right to recover adequate damages for his injuries, so caused by the negligence of the said Soapstone Company, all by the fraud and deceit of the defendants as above set forth. All of which is to damage of the plaintiff twenty thousand dollars." The second and third counts set up the injuries and cause of accident in somewhat different language from the first, but are followed by the same allegations as to fraud relative to the suit and judgment.

This suit was originally brought in the state court, and by petition of the Travelers' Insurance Company was removed to this court. The defendant Travelers' Insurance Company seasonably demurred to the plaintiff's declaration and assigned as grounds for the demurrer: First. That the plaintiff's declaration seeks to impeach the judgment of the Windsor county court for the state of Vermont which had jurisdiction of the subject-matter thereof and of the parties thereto by a collateral attack upon said judgment. Second. That the allegations of fraud relative to said judgment set forth no specific act on the part of the demurring defendant and name no particular person who participated in any act which may have constituted the alleged fraud, wherefore the defendant should not be called upon to make answer. The third reason is substantially the same as the second, differently stated.

C. C. Fitts and H. E. Eddy, for plaintiff.
R. C. Bacon and Stickney, Sargent & Skeels, for defendants.

MARTIN, District Judge (after stating the facts as above). This is clearly an attempt to attack collaterally a judgment of a court of competent jurisdiction and to try the validity of such judgment by jury, and at the same time to try by the same jury the original cause of action upon which that judgment was rendered.

[1] The plaintiff has no right of action at law against the Travelers' Insurance Company, as he had no contractual relations with said

company. True it is that he has alleged that the two companies colluded to defraud him by the bringing of the suit that he now seeks to avoid. The plaintiff alleges that he was 19 years of age at the time of his injury and he brings this suit nearly eight years thereafter. The records of Windsor county court show the judgment and stipulation as set forth in this declaration, and that the original suit was brought for the plaintiff by George L. Fletcher, Esq., of Chester, Vt., and that C. H. Burns, Esq., was counsel for the defendant. (Said Fletcher and said Burns have since deceased.) No person is named as having committed any fraudulent act. Neither is there any allegation that the Union Soapstone Company is still in existence. The records show that it was dissolved in 1904, according to law, and has ever since been out of business. I am unable to see how the defendant can answer to the plaintiff's allegation of fraud by the Union Soapstone Company without some person being named who acted for and in behalf of the company, whereby that person can be inquired of as to the facts relating thereto. No person is named who acted for and in behalf of the defendant, Travelers' Insurance Company, whether agent, adjustor, or some one of its attorneys. That company should not be called upon to make inquiry of every attorney, agent, or other person who may have been acting for it some nine years ago that it may plead to such general allegations as this declaration contains.

[2] I recognize the principle of law that fraud may vitiate a contract, and extrinsic fraud may vitiate even a judgment of a court of competent jurisdiction under proper proceedings brought for that purpose, but not by collateral proceedings. U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93; French v. Raymond, 82 Vt. 156, 72 Atl. 324, 137 Am. St. Rep. 994. This principle of law is too familiar to require the citation of further authorities.

[3] The serious question presented is whether or no this is a collateral proceeding. The gist of this declaration is the defendant's alleged negligence and the plaintiff's damages. This old judgment seems to stand in the plaintiff's way of obtaining a new judgment for a larger sum, so he asks that in some form the facts relating to that old judgment be tried out, and, if found to be fraudulent, that he may then proceed with the trial of the main issue. This seems to me a collateral attack upon the old judgment.

[4] I think the defendant should not be called upon to answer to the plaintiff's allegation of fraud by the Union Soapstone Company, as no particular act is set forth as having been performed by any particular person acting for and in behalf of said Union Soapstone Company, and for and in behalf of said Travelers' Insurance Company. The only specific act brought to the attention of the court is the stipulation upon which judgment was rendered, and the declaration is silent as to the persons, officers, or counsel of either corporation who had to do with the deceit claimed to have been practiced upon the plaintiff. Harris v. Bottoum, 81 Vt. 346, 70 Atl. 560, and cases there cited. Fogg v. Blair, 139 U. S. 118, 11 Sup. Ct. 476, 35 L. Ed. 104.

I hold: First. That this is not a proper proceeding to attack the judgment referred to in the declaration. Second. That the allegations are too indefinite to require the defendant to plead further.

Let entry be made "Demurrer sustained," and judgment accordingly.