FERNANDO VÉLEZ, Plaintiff and Appellant, v. ARSENIO MARTÍNEZ and THE INDEPENDENT INDEMNITY COMPANY, Defendants and Appellees.

No. 3823. Argued March 2, 1926.—Decided June 4, 1926.

*Angel A. Vázquez* and *José Sabater* for the appellant. *J. H. Brown* and *Clemente Ruiz Nazario* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Two defendants filed independent demurrers to a complaint wherein damages were sought on account of an accident to a chauffeur. The action was brought against the owner of the car, seemingly as employer, and against an insurance company on its contract. The complaint expressly disclaims any right of action by virtue of the Workmen's Compensation Act and does not seek compensation by virtue of any act or omission of the owner of the car. No negligence of any kind is charged against the defendant owner or employer. The owner was in San Juan and the chauffeur was coming from Mayagüez to bring the former back to Mayagüez when the accident occurred, due to the unexpected hitting of a stone on the road. The origin of the com-

plainant's action is the contract of insurance between the employer and the defendant insurance company. The court sustained each of the demurrers and these several decisions are assigned as error.

The cause of action is based exclusively on the following clause of the contract:

"In consideration of the additional charge included in the total premium collected it is understood that this policy, subject to its clauses, conditions, and declarations, is amplified from this date so as to cover any loss by reason of the liability imposed by the statute upon the insured for damages as a result of physical injuries (including death at any time as a result of such injuries) accidentally sustained during the period of this policy by any employee or employees of the insured as a result of the possession, maintenance or use of any of the automobiles listed and described in the bill of conditions, excluding, however, employees protected by the Workmen's Compensation Act of Porto Rico."

Some discussion there was whether the court did not give false reasons for sustaining the complaint. The appellees deny that the court entertained the supposed mistaken reasoning. The fact that the court reasoned badly could scarcely aid appellant if the complaint was lacking in the statement of a cause of action.

The quoted clause gives the complainant no right of action either against the company or the employer. The contract of the company was to cover any liability of the owner of the car. The Workmen's Compensation Law being expressly excluded, the company was only bound to compensate the owner of the car for an obligation he owed to an employee. We are satisfied with the citations of appellees in this regard and reproduce them:

" 'Under the usual contracts of indemnity of this character, there is no privity, no contractual relation, between the servant or employee and the parties to the indemnity contract; the fund provided for indemnity is not a trust fund, and the loss contemplated is that which the insured employer sustains by the satisfaction of the judgment against him under the terms of the contract. And whether

the policy insures directly against liability or against loss or damage due to liability there is no privity between the employee and the parties insurer and insured under the indemnity contract. An employee has therefore no right of action at law against the insurer of the employer, as no contractual relation exists between him and said insurer.'

"Joyce on the Law of Insurance, 2nd Ed. Vol. 5, pp. 6002, 6003, Sec. 3658 b.

"Finley v. United States Casualty Co., 113 Tenn., 592, 83 S. W. 2, 34 Ins. L. J. 179.

"Morris v. Traveler's Ins. Co. (U. S. C. C.) 189 Fed. 211, 40 Ins. L. J. 2054.

" 'An injured employee cannot in the first instance proceed against the insurer unless the contract either by express terms or by fair intendment was made for such employee's benefit. That this is the law is expressly and unequivocally decided in a well considered case in North Carolina wherein the authorities are exhaustively considered. And it is there declared by Hoke, J., that in all the cases "so far as examined, a right of action arising on the policy, is treated and dealt with as an asset of the insured employer, and, in the absence of an assignment from him the employee cannot appropriate it to his claim," except by attachment of bill in the nature of an equitable fi. fa. or some action, in the nature of final process, incident to bankruptcy or insolvency. Certainly this position is supported by the great weight of authority. . . .

" 'An ordinary indemnity contract of this character is not made for the benefit of the employee, either in its express terms or in its underlying purpose. It is made for the protection and the indemnity of the employer, fortifying him against unexpected and uncertain demands which might otherwise prove disastrous to his business, and the rights arising under such a contract are his property, and actions to recover the same are, and should be under his control. The nature of the contract and the principles applicable are well stated in one of the Massachusetts cases, as follows: "The only parties to the contract of insurance were Atkins and the Company. The consideration for the company's promise came from Atkins alone, and the promise was only to him and his legal representatives. Not only was the plaintiff not a party to either the consideration or the contract, but the terms of the contract do not purport to promise an indemnity for the benefit of any person other than Atkins. The policy only purports to insure Atkins and his legal representatives against legal liability for damages respecting injuries from accidents to any per-

son or persons, at certain places within the time and under the circumstances defined. It contains no agreement that the insurance shall inure to the benefit of the person accidentally injured, and no language from which such an understanding or intention can be implied. Atkins was under no obligation to procure insurance for the benefit of the plaintiff; nor did any relation exist between the plaintiff and Atkins which could give the latter the right to procure insurance for the benefit of the plaintiff. The only correct statement of the situation is simply that the insurance was a matter wholly between the company and Atkins, in which the plaintiff had no legal or equitable interest, any more than in any other property belonging absolutely to Atkins.'' This being the correct position, the complaint as it now stands, sets forth no cause of action against the insurance company nor does it contain facts giving plaintiff any present right to recover against it, nor to have judgment in any way directly affecting its rights.'

"Joyce on Insurance, Vol. 5, pp. 6005, 6006, par. 3658C.

"Clark v. W. R. Bonsal & Co., 157 N. Car. 270, 48 L. R. A. (N. S.) 191n, 72 S. E. 954, 41 Ins. L. J. 144.

"Bain v. Atkins, 181 Mass. 240, 57 L. R. A. 791.''

For some reason the appellant mentions the case of *Frye v. Bath Gas & Electric Co.*, 59 L.R.A. 444. He is mistaken when he says that the case was decided against complainant because the policy contained a clause saying that no action should be maintained unless brought by the assured himself. The case was primarily decided on the lines cited by appellees and then the clause recited as an additional reason.

We find no error and the judgment should be affirmed.