BERTRAND L. MOORE, PRO AMI *v.* ABRAHAM ISENMAN.

Cumberland.      Opinion October 16, 1928.

*Richard E. Harvey,* for plaintiff.
*Israel Bernstein,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DUNN, J. This action is of tort for personal injury. It is against an employer. The plaintiff being under twenty-one years of age, his next friend prosecutes for him. The suit is at common law. The defendant pleaded the general issue. Plaintiff has the verdict. The case is here on exception to the refusal of the trial judge, at the close of all the evidence, to direct a verdict for the defendant, and on general motion by the defendant to set aside the verdict.

Employers are legislatively divided into two classes, small employers and large employers. A small employer is one having five or less workmen in the same industry or business, or, when he has different businesses, five or less workmen in a business single in kind, regularly. R. S., Chap. 50, Secs. 2 and 3; *Nadeau* v. *Caribou, etc., Company*, 118 Maine, 325. This defendant was a small employer. Therefore common-law rules govern.

Primarily, the plaintiff maintains that the defendant failed in his duty, implied from the relation of employer and employee, to exercise ordinary care to provide a reasonably safe and reasonably suitable wood-sawing machine for the use of the plaintiff; secondarily, that the defendant failed in his duty to use like care to keep the machine in reasonably safe and reasonably suitable condition; thirdly, that through the actionable fault of the defendant, the place of employment was not reasonably safe and reasonably suitable in that it was not sufficiently lighted. In the declaration is the allegation of the plaintiff's own due care, likewise that defendant's negligence was the proximate cause of the plaintiff's injury.

The bill of exceptions calls for but small attention. When the evidence on both sides had closed, the declared assertion, that the defendant was the employer of the plaintiff, was in controversy. That question was for the jury. The exception, therefore, has no point, nor ever had. The exception is overruled.

The jury having settled the question that plaintiff was in the employ of the defendant, the motion to set aside the verdict, on the ground that it is against law and evidence, invites consideration.

On May 15, 1926, the day of his injury, the plaintiff was within five months of eighteen years of age. He possessed the intelligence and understanding which were usual with boys of that age. He had aptitude for things mechanical.

For the period of nine months he had been working for the defendant, a fuel dealer in Portland. The work included converting bundled pine edgings into kindling. This is what the plaintiff was doing when he got hurt.

A circular saw mounted on a frame, the saw designed to be motor-driven through a slit or opening in the top of a traveling carriage, had been provided by the defendant. In operation, the carriage, with a bundle of wood upon it, was moved forward by the plaintiff, he being the sawyer, and the wood fed sidewise to the saw. In reverse movement the carriage would return to its original position. The construction of the sawing machine was quite simple and was open and exposed to view.

Prior to the contract of employment one of the V-shaped wooden supports of the frame of the machine had been broken. A board had been nailed across the break and the whole wrapped with rope. And the nuts were off the end of a rod or slide on which the machine carriage was moved forward and back. Because of these defects, and the consequent want of rigidity when the carriage was heavily laden, the saw would not always keep a true plane of rotation during the process of cutting.

That plaintiff fully appreciated the extent of the peril to which he was exposed, and was apprehensive of personal injury, his own testimony clearly defines. After working two or three months, he called the defects to the notice of the defendant. The defendant assured the plaintiff that repairs would soon be made, and directed him to keep at work. Six months passed and the machine still remained unrepaired. The plaintiff knew it all the while. Although he had been aware all along, not only from his own experience, but from observation of the operation of the machine by other sawyers, that at times the saw ran out of line, he never mentioned this nor spoke again relative to the defects.

It was nearing the end of the working day, on May 15th, between the hours of five and six of the clock, and was "awful dark" in the corner of the old barn where the machine sat, when the accident

happened. No light then issued into the barn through the opening in the outside wall. No bulb was in the light fixture above the saw. The other lights were too far off to see by. Neither the saw blade nor the kerf could be seen by the plaintiff. But he did see the carriage lifting, as it ever had before when the saw wabbled. His right hand came in contact with the teeth of the saw and he lost his second finger.

The foregoing statements rest upon all the evidence favorable to the plaintiff, and the reasonable inferences arising therefrom, viewed most favorably for him.

Conceding, for argument's sake, that the evidence warranted the finding of negligence on the part of the defendant, was plaintiff himself unoffending with regard to contributory negligence?

The promise of the employer to remove the defects of which the employee complained, assuming the promise to have been made, was confession to a breach of duty, and, granting for the purpose of the case that such promise remained effective and unwaived to and inclusive of the moment of the accident, the promise did not relieve the employee of his duty to exercise care in requisite legal degree to protect himself against injury. *Harris* v. *Bottum*, 81 Vt., 346; *Western Coal, etc., Co.* v. *Burns*, 104 S. W., 535 (Ark.) ; *Comer* v. *Meyer*, 78 N. J. L., 464; *Crookston Lumber Co.*, v. *Boutin*, 149 Fed., 680.

The degree of care which an infant employee must exercise is the ordinary care a reasonably prudent person of his age and intelligence would exercise under like circumstances. The law holds him to no higher obligation. *Mott* v. *Packard*, 108 Maine, 247 ; *Dame* v. *Skillin*, 111 Maine, 156.

With the fact acknowledged, as it is in the brief of counsel for the defendant, that the plaintiff was in the employ of the defendant, there is no room in the evidence for intelligent and fair-minded men to have honest difference of opinion in respect to the want of due care on the plaintiff's part. So the question is for the court. *Wormell* v. *Maine Central Railroad Company*, 79 Maine, 397.

In the light of his full appreciation of the defective and dangerous condition of the machine, and of his practical acquaintance with the situation, the conclusion is irresistible that, had his care been that of an ordinary boy of his years and experience, plaintiff

would have stood before the revolving saw, panoplied with knowledge that the lifting carriage manifested danger, obvious, immediate, and constant. Out of this nettle, danger, it was for the plaintiff to pluck the flower, safety.

Plaintiff did not stop the saw, as he could have stopped it, by turning the key to the switch. He did not reverse the movement of the carriage. Nor, simpler yet, he did not step back from the machine. On the contrary, and of his own free will, he kept on advancing the wood to the saw, the darkness of a dark evening having settled, there alone.

His conduct was unmarked by the ordinary prudence of a boy as old as he was. Whatever risk he might voluntarily take for himself, he could not by unreflectingly going about his work subject his employer to responsibility for the accident which resulted injuriously. Plaintiff was contributorily negligent. Contributory negligence bars the recovery of damages. *Nelson* v. *Sanford Mills,* 89 Maine, 219; *Western Coal, etc., Co.* v. *Burns,* supra.

Where men work, particularly around buzz saws, accidents occur. Many industrial accidents could have been prevented if certain things had been done or not done by employees. This case adds one more to the number.

The motion is sustained.

*Verdict set aside.*
*New trial granted.*